# Staunton

ERNEST VASILION v. GEORGE VASILION AND OTHERS.

September 5, 1951.

Record No. 3798.

Present, Eggleston, Spratley, Buchanan, Miller, Smith and Whittle, JJ.

The opinion states the case.

*W. L. Devany, Jr.,* for the appellant.

*Fred E. Martin, Richard W. Ruffin* and *James Martin Willis,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

By deed dated June 25, 1946 Lionel Travis Woodard conveyed unto George Vasilion and Anne A. Vasilion, husband and wife, a lot in the city of Norfolk. The deed recites that the property is conveyed with general warranty unto the parties "as tenants by the entireties, with right of survivorship as at common law".

This deed was recorded in the clerk's office of the corporation court on June 26, 1946. On August 17, 1949 George Vasilion and Anne A. Vasilion, "husband and wife", conveyed the land to Anne A. Vasilion. The consideration stated was "natural love and affection". This was a deed in fee simple with general warranty and was recorded on the day it was written.

Ernest Vasilion, the father of George Vasilion, filed a bill in chancery in the circuit court at the first February rules, 1950, against George Vasilion, Anne A. Vasilion, C. M. Hare, and Richard W. Ruffin and Roy F. Phillips, trustees of Commonwealth Building and Loan Association, defendants.

The bill alleges that in May, 1949, Ernest Vasilion lent George Vasilion $3,000 for the purpose of assisting him in business; that George Vasilion had only repaid $200 on the loan; that in November, 1949 Ernest Vasilion had secured a judgment against George Vasilion for the balance due, $2,800, which judgment had been duly docketed, etc. The bill further alleges that at the time the father made the loan to the son "the said George Vasilion and Anne Vasilion were the owners" of the land and improvements thereon. A copy of the grantor's deed was filed as exhibit "A" with the bill. The bill further recites the sale of the land by George Vasilion and Anne A. Vasilion to Anne A. Vasilion, and a copy of this deed is filed as Exhibit "B".

Continuing, the bill states that the deed from George Vasilion and Anne A. Vasilion to Anne A. Vasilion was subject to a deed of trust to Ruffin and Phillips, trustees of the defendant building and loan association, and that the same was sold subject to a judgment for $332.03 in favor of defendant C. M. Hare; that

these claims and the debt due complainant were unpaid at the time Anne A. Vasilion acquired the property, and that this conveyance was made "with the object and intent to prevent" Ernest Vasilion from realizing anything from the property.

Finally "complainant alleges and charges that no consideration whatsoever passed from the said Anne A. Vasilion to the said George Vasilion for the said deed; that the same was made to hinder, delay and defraud your complainant, and he is entitled to have the said deed set aside and property therein embraced subject to the payment of your complainant's said judgment and subject to any prior liens thereon." The bill prays that the named parties be made defendants, that the deed of August 17, 1949 to Anne A. Vasilion be set aside as fraudulent and void "and that the property embraced in it be sold and the proceeds be applied to your complainant's claim and an accounting be taken to ascertain the amount of liens and their priorities".

Anne A. Vasilion filed her demurrer to the bill, stating: "This defendant says that the bill filed in this cause is not sufficient in law, and especially in that by virtue of section 5160, Michie Code of 1942 (Code of Va., 1950, Title 55-21), the real estate mentioned and described in said bill of complaint, as conveyed by deed of June 25, 1946, by Lionel Travis Woodard to Anne A. Vasilion and George Vasilion, husband and wife, as tenants by the entireties, with right of survivorship as at common law, was not subject to partition as between Anne A. Vasilion and George Vasilion, and that the conveyance of August 17, 1949, did not change the status of said real estate in so far as creditors, then and future, of the said George Vasilion were or are concerned."

None of the other defendants appeared or filed pleadings in the case.

This demurrer was sustained and the bill dismissed, and from the decree so holding this appeal was awarded.

Appellant contends that section 55-20, Virginia Code, 1950, abolished estates by the entireties. The pertinent part of this section reads: "And if hereafter any estate, real or personal, be conveyed or devised to a husband and his wife they shall take and hold the same by moieties in like manner as if a distinct moiety had been given to each by a separate conveyance." Section 55-21 of the Code is entitled "Exceptions to preceding section", and reads: "The preceding section shall not apply to any

estate which joint tenants have as executors and trustees, nor to an estate conveyed or devised to persons in their own right when it manifestly appears from the tenor of the instrument that it was intended the part of the one dying should then belong to the others. * * *''

The land here in question was conveyed to ''George Vasilion and Anne A. Vasilion, husband and wife, as tenants by the entireties, with right of survivorship as at common law.''

■ It cannot be logically contended that the quoted words are meaningless. They were placed in this deed for the express purpose of bringing the conveyance within the exception contained in section 55-21, Virginia Code, 1950.

Appellant argues, ''where a conveyance was to a man and wife under which by the common law the right of survivorship on the death of either took place, it is difficult to comprehend, if comprehensible at all, why the addition of the words 'with right of survivorship as at common law' contained in the deed * * * should operate to prevent the statute from applying to such a deed to which such right of survivorship was an essential and inherent feature without expressing it.'' It may not have been necessary to use the quoted words in the deed. They, however, make doubly clear that the grantor intended to bring the conveyance within the exception to section 55-20, Code of 1950.

■ Appellant concedes, ''at common law when land was conveyed to a man and wife the seisin of each was an entirety or in one person because from the unity of their person by marriage they have land entirely as one individual and it follows that on the death of either husband or wife survivorship takes place between tenants by entireties'', citing Graves, Real Property, section 151, page 180.

■ This is so, even though the deed, will or other instrument does not express how they are to take. *Hunt* v. *Blackburn*, 128 U. S. 464, 9 S. Ct. 125, 32 L. ed. 488; *Simons* v. *Bollinger*, 154 Ind. 83, 56 N. E. 23, 48 L.R.A. 234; 26 Am. Jur., Husband and Wife, § 68.

■ Under the common law the same words of conveyance which would make other grantees joint tenants will make a husband and wife tenants by the entireties. *Hunt* v. *Blackburn*, *supra*. Clearly, the deed in this case created in George Vasilion and Anne A. Vasilion an estate by the entireties. Section 55-21,

Code, 1950; *Allen* v. *Parkey,* 154 Va. 739, 149 S. E. 615, 154 S. E. 919.

When an estate by the entireties is once set up, neither spouse can sever it by his or her sole act. *Palmer* v. *Mansfield,* 222 Mass. 263, 110 N. E. 283, L.R.A. 1916C, 677. Neither spouse can convey or dispose of any part of it so as to effect such a severance. They may, of course, terminate the estate by a joint conveyance of the property. 2 Minor, Real Property, § 854;. *Thornton* v. *Thornton,* 3 Rand (24 Va.) 179.

Upon the death of either spouse the whole of the estate by the entireties remains in the survivor. This is so not because he or she is vested with any new interest therein, but because in the first instance he or she took the entirety which, under the common law, was to remain in the survivor. *Lang* v. *Commissioner of Internal Revenue,* 289 U. S. 109, 53 S. Ct. 534, 77 L. ed. 1066; *Lux* v. *Hoff,* 47 Ill. 425, 95 Am. Dec. 502.

The heirs of the deceased spouse inherit no part of the property so held. The entire estate remains exclusively in the surviving spouse. 59 A.L.R. 707.

The husband and wife unquestionably can join in a deed conveying the entirety to a third party, and in Virginia section 55-9, Code, 1950, permits a husband and wife to join in a deed conveying land to himself or herself.

It follows that the entirety is liable for the joint debts of both spouses and is reachable against them by proper process. 35 A. L. R. 144. But where a tenancy by the entirety in the fee simple is once created the property is completely immune from the claims of creditors against either husband or wife alone. See Glenn on Fraudulent Conveyances and Preferences, Vol. 1, page 280.

"These indubitable common law rules require the conclusion that a creditor cannot do with the right of a tenant by the entirety that which the tenant cannot do. The statute as to attachment of land of a debtor (General Laws, chapter 236 § 1) affords no relief because from its nature the interest of the wife as tenant by the entirety is not during coverture subject to attachment, levy and sale. Since the wife cannot sell it herself, her creditor cannot sell it by resort to attachment and levy on an execution in an action at law. * * * The result here reached * * * is in harmony with what is deemed to be the prevailing trend of authority elsewhere." *Licker* v. *Gluskin,* 265 Mass.

403, 164 N. E. 613, 63 A.L.R. 231, 235, citing *Chandler* v. *Cheney*, 37 Ind. 391; *Turner* v. *Davidson*, 227 Mich. 459, 462, 198 N. W. 886; *Stifel's Union Brewing Co.* v. *Saxy*, 273 Mo. 159, 201 S. W. 67, L.R.A. 1918C, 1009; *Beihl* v. *Martin*, 236 Pa. 519, 84 A. 953, 42 L.R.A. (N. S.) 555; *Ades* v. *Caplan*, 132 Md. 66, 103 A. 94, L.R.A. 1918D, 276.

There are cases holding to the contrary but they are incompatible with our adjudications. See *Moore* v. *Denson*, 167 Ark. 134, 268 S. W. 609; *Ganoe* v. *Ohmart*, 121 Or. 116, 254 P. 203, and Notes to section 106, 30 C.J. 572.

An interesting article on the subject is found in Volume 34, Virginia Law Review, page 480, *et seq.* At page 485 the author, Professor Spies, has this to say:

"In Virginia all four kinds of co-tenancies are still recognized. (Va. Code, 1950, § 8-690.) Some of the common-law incidents of these co-tenancies have, however, been modified by statute. Thus, by statute enacted as early as 1787, survivorship between joint tenants was abolished. · (12 Laws of Va. 350 (Hening, 1823), now Va. Code, 1950, § 55-20). It was held in a series of early decisions that this Virginia statute did not, however, abolish survivorship between tenants by the entirety. (*Norman* v. *Cunningham*, (1848), 5 Gratt. (46 Va.) 63; *Thornton* v. *Thornton, supra; McClanachan* v. *Siter, etc., Co.* (1845), 2 Gratt. (43 Va.) 280). In 1850 a further statute was enacted abolishing survivorship between husband and wife unless 'it manifestly appeared from the tenor of the instrument that the part of the one dying should belong to the survivor.' (Va. Code, 1849, c. 116, § 18, now Va. Code, 1950, § 55-21). It should be noted that there was neither complete abolition of the tenancy by the entirety nor of the incident of survivorship. In 1877 the Married Women's Property Act (Va. Code, 1950, § 55-35, *et seq.*) was enacted which served to modify substantially the marital rights of the husband, but which has not in any way affected the tenancy by the entirety existing between husband and wife. (Ritchie, Tenancies by the Entirety, 28 Va. L. Rev. 608, 612 (1942)). Finally, the Act of 1888 provided that if hereafter any estate, real or personal, be conveyed or devised to husband and wife they shall take and hold the same by moieties in like manner as if a distinct moiety had been given to each by a separate conveyance. (Va. Code, 1950, § 55-20). It was further provided that survivorship between joint tenants should be abolished.

However, in the very next section of the statute it was stipulated that the prior section would not be applicable where the joint tenants were executors or trustees, or where it manifestly appears from the tenor of the instrument that the part of the one dying shall belong to the other. (Va. Code, 1950, § 55-21). This has been construed to mean that there may still be survivorship among joint tenants or tenants by the entirety and that the tenancy by the entirety exists with all of its common-law incidents if the limitation in question falls within the scope of the exception proviso. (*Wallace* v. *Wallace,* 168 Va. 216, 190 S. E. 293; *Allen* v. *Parkey, supra.*) * * *

"And, * * * if such a tenancy by the entirety in the fee existed, neither the husband nor the wife could subsequently force a partition; neither party could by his sole act convey his interest and bring about an immediate severance and conversion to a tenancy in common; and the property so held would be immunized from the claims of the individual creditors of each spouse. (*Burroughs* v. *Gorman,* 166 Va. 58, 184 S. E. 174; *Allen* v. *Parkey, supra;* 2 Minor, Real Property, § 854). Thus if the husband should be engaged in a speculative business enterprise which turned out badly, forcing him to go into bankruptcy, the property held by the husband and wife together, would not be subject to the claims of his creditors. Moreover, the judgments of the individual creditors of either spouse would only be leviable upon the respective spouse's interest if and when he or she should survive the other, and, in the meantime, the husband and wife could convey the property so held to a third party, who would take it completely free from the claims of the individual creditors of the husband and wife. (4 Thompson, Real Property, § 1824)."

Professor Glenn, in his work "Glenn on Fraudulent Conveyances and Preferences", Vol. 1, page 280 (*supra*), correctly states the law as follows:

"Tenancy by the entirety comes into being when land is acquired by the husband and wife, through deed or will. Based on the fiction of the unity of husband and wife, the whole fee simple passes to the survivor, but meanwhile neither has an interest which can be conveyed. In consequence, while land thus held is subject to execution on judgment rendered against the spouses jointly, neither the land itself, *nor either interest,* can be

reached under a separate judgment against husband and wife.'' (Italics supplied.)

The effect, if any, of the Virginia Married Women's Property Act (Code, § 55-35, *et seq.*) on this case would be to deprive the husband of his common law right to the possession of and control over the wife's property.

See 166 A.L.R., page 983, where it is said:

''The theory of these cases is that the destruction of the husband's common-law right, which extended to tenancies by entireties, left the incidents of that tenancy as it was literally defined at common law, 'per tout et non per my', and that the wife's right as such tenant was thereafter preserved and extended to the whole of property so held from the time of the creation of the estate, so that no part could be said to belong exclusively to the husband in such a way as to be subject to the claims of his creditors.

''It is therefore the rule in these jurisdictions that a judgment against one of the tenants to an estate by entireties is not a lien upon any part of the estate, and gives to the judgment creditor no interest therein, where the so-called married women's statutes give to married women the right to possession and enjoyment of their separate property, and that hence, since estates by entireties exist only as to husband and wife, the entire property during their joint lives, as well as the expectancy attendant upon survivorship, is free from judgment or execution liens against either of them.''

Therefore, if the property can be conveyed by the husband and wife jointly, free from liens or claims of creditors, to a third party, there is no reason why it cannot be so conveyed by the husband and wife to himself or herself. Code, 1950, § 55-9.

No question of fraud is involved as property so held is insulated against the claims of creditors of the individual spouse.

In a recent Pennsylvania case, *Runco* v. *Ostroski*, 361 Pa. 593, 65 A. (2d) 399, 8 A.L.R. (2d) 630, it was held that where a husband, without joining his wife as grantor, conveyed to her his interest in real estate held by them as tenants by the entireties, and where the wife accepted the conveyance and recorded the deed, a voluntary partition of the real estate resulted, the estate by the entireties was terminated and the whole estate in the property vested in the wife, the latter's formal joinder in conveying to herself ''being wholly unnecessary''.

The bill in this case prays that "the deed of August 17, 1949 to Anne A. Vasilion be set aside as fraudulent and void and that the property embraced in it be sold and the proceeds be applied to your complainant's claim and an accounting be taken to ascertain the amount of liens and their priorities."

The plain effect of the prayer of the bill and the argument of appellant is to have us reverse our former ruling laid down in *Allen* v. *Parkey, supra; Drake* v. *Blythe* (1908), 108 Va. 38, 60 S. E. 632, and *Burroughs* v. *Gorman, supra.*

Appellant's contention is that the effect of Code, section 55-20, notwithstanding the exceptions contained in section 55-21, is to abolish tenancies by entireties in Virginia. The interpretation which this court has placed upon these statutes for more than forty years has become a rule of property in this Commonwealth, and the suggested changes should be addressed to the Legislature and not to us.

We are of the view that the learned trial judge correctly sustained the demurrer to the bill, and the decree is therefore

*Affirmed.*