## CIRCUIT COURT OF HENRICO COUNTY

Norton M. Bowman, Jr.

v.

George DeLong

July 28, 1981

Case No. 1519

By JUDGE E. BALLARD BAKER

The issue in this case relates to an attachment issued against real property as to which the sole principal defendant, George DeLong, holds title with his wife as tenants by the entirety, with the right of survivorship as at common law. DeLong, in addition to responding and filing a crossclaim, as well as an affidavit of substantial defense, has moved to quash the attachment on the grounds that such property is not subject to attachment.

The attachment is based on an allegation that DeLong ". . . is removing, or is about to remove, out of this State with the intent to change his domicile". (V.C. § 8.01-534(2)).

While various sections contain more specific words with respect to what property may be subject to attachment, see § 8.01-534(1), § 8.01-547, in my view § 8.01-548 tells what is subject to attachment in this case, to-wit:

An attachment may be levied upon any estate of the defendant . . . .

Then, § 8.01-550 describes how real estate is levied on, and § 8.01-557 gives a lien on real estate mentioned in the sheriff's return ". . . from the time of levy and service . . ."

Section 8.01-568 permits a motion to quash ". . . if the attachment is invalid on its face . . ." or if none of the grounds for attachment exist or if the plaintiff is not likely to succeed on the merits of the underlying claim. The plaintiff has the burden of proof on such matters.

The sheriff's return here states:

Levied on folling (sic) property of the def. George DeLong to-wit

and then describes it by lot, block and section number, as well as by address.

It is admitted that George DeLong's interest is as tenant by entirety, with right of survivorship as at common law, though this does not appear on the face of the attachment nor is it alleged in the Petition.

As I see it, there are two issues: (1) is such real estate subject to attachment; (2) if it is not, can this be taken advantage of by motion to quash under the facts here.

In my view, this property is not subject to attachment.

Vasilion v. Vasilion, 192 Va. 735 at 740, states the following:

. . . where a tenancy by entirety in the fee simple is once created the property is completely immune from the claims of credi-tors against either husband or wife . . .

. . . a creditor cannot do with the right of a tenant by the entirety that which the tenant cannot do . . . Since the wife cannot

sell it herself, her creditor cannot sell it by resort to attachment and levy on an execution at law . . . .

And on page 742:

. . . judgments of the individual creditors of either spouse would only be leviable upon the respective spouse's interest if and when he or she should survive the other, and, in the meantime, the husband and the wife could convey the property . . . completely free from the claims of the individual creditors . . .

In 6 Am. Jur. 2d, Attachment and Garnishment, the following statements appear:

. . . uncertain, speculative and contingent interests in land which may never vest in the defendant are generally not attachable, . . . (Sect. 95).

The general rule is that an estate or interest that is contingent, speculative, and uncertain to the extent that it may never vest, or that it may vest in a person other than the defendant, is not attachable or garnishable. (Sect. 108).

It is noted that § 8.01-547 allows an attachment against ". . . any remainder, vested or contingent . . ." but only where the grounds of attachment allege the defendant is a non-resident or is an absconding debtor. The Petition here does not allege either of those grounds.

Upon consideration, it seems to me that the defendant's interest in this real estate is not an attachable estate. It cannot be sold or reached by his creditors. The act of a levy on real estate is certainly a reaching of that real estate, under § 8.01-557 it is a lien, and that I think cannot be done.

Is this a matter reached by motion to quash?

As noted, the attachment is not invalid on its face. Furthermore, there is no contention that the alleged ground for attachment does not exist and there has been no evidence as to the merits of the underlying claim.

Attachment is a statutory proceeding, and the bases for a motion to quash are specific. If one of these bases does not appear, a motion to quash cannot be sustained.

In my judgment, there is no basis under § 8.01-568 to quash the attachment; consequently the motion cannot be granted, despite the fact that it is apparent that the plaintiff cannot prevail.