ESTATE OF WILLIAM L. RENO, JR., BARBARA G. RENO, EXECUTRIX, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Reno v. Commissioner
Docket No. 16511-82.
United States Tax Court
T.C. Memo 1986-163; 1986 Tax Ct. Memo LEXIS 452; 51 T.C.M. (CCH) 909; T.C.M. (RIA) 86163; April 21, 1986. James L. Malone, III, for the petitioner. Vikki Pryor, for the respondent. WRIGHT
MEMORANDUM OPINION WRIGHT, *Judge: By notice of deficiency dated April 7, 1982, respondent determined a deficiency in petitioner's Federal estate tax in the amount *453 of $253,656. A portion of this deficiency resulted from respondent's reduction of the marital deduction by $25,981. After concessions, the sole issue for decision is whether the Federal estate taxes on certain Kentucky real estate are to be borne by such real estate or by decedent's non-probate property. All of the facts have been stipulated and are so found. The stipulation of facts and exhibits thereto are incorporated herein by this reference. Petitioner herein is the Estate of William L. Reno, Jr. (decedent). Decedent died testate on October 8, 1978. A Federal estate tax return was filed by decedent's estate on July 12, 1979. At the time the petition in the instant case was filed, Barbara G. Reno, the executrix of decedent's estate, resided in Falls Church, Virginia. Decedent was a professor of jurisprudence and was active in the management of his own business affairs. He was also involved in the active management of his family's financial affairs and administered the estates of several family members. During his lifetime, decedent filed approximately *454 5 estate tax returns and 40 gift tax returns. He was familiar with the Federal estate tax system in general and with the marital deduction provisions. The will which was operative at the time of decedent's death was signed by decedent on September 1, 1978. This will, except for the name of the contingent beneficiary, is identical to a will signed by decedent on October 5, 1972. Neither of these wills contained any reference to the Federal estate tax marital deduction. Five earlier wills, however, contained provisions which would result in the maximum marital deduction for Federal estate tax purposes. These wills, all of which were revoked by the decedent, were dated August 31, 1949; July 12, 1951; October 19, 1954; August 31, 1955; and March 1, 1957. At the time of his death, decedent's gross estate included both probate and non-probate property. The probate property consisted of substantial real estate interests in and around Owensboro, Kentucky, as well as various bonds and miscellaneous property. The non-probate [1] property, which decedent held with his wife as joint tenants by the entireties, consisted of real property in Falls Church, Virginia, and a checking account. *455 In his will, decedent provided that the Kentucky real estate be left to his wife, Barbara G. Reno, for and during her natural life, with the remainder in fee simple to his daughter. In the same paragraph decedent provided as follows: I direct that all death duties on this Kentucky real estate ascertainable at my death be paid by my Executrix out of the assets of my estate other than Kentucky real estate. At the time decedent executed his will in 1972, the value of the residue of his probate estate (bonds and miscellaneous property) was sufficient to pay the Federal estate taxes on the Kentucky real estate. During the period from 1972 to 1978, however, the value of the Kentucky real estate increased while the value of the residue of the probate estate, specifically the corporate bonds, remained constant or decreased. The bonds and other miscellaneous property which constituted the residue of decedent's probate estate were left outright to his wife. These assets were valued at $102,665 for Federal *456 estate tax purposes. This sum is less than the Federal estate tax and state inheritance tax liabilities and the administration expenses incurred by decedent's estate. On April 7, 1982, respondent mailed a statutory notice of deficiency to petitioner. In the notice of deficiency, respondent determined a deficiency in estate tax due from petitioner in the amount of $253,656. Respondent reallocated the taxes on the Kentucky real estate to the non-probate property, thereby decreasing the amount of such property eligible for the marital deduction. This determination resulted in the reduction of the marital deduction under section 2056 [2] by $25,981. Respondent's determinations are presumptively correct, and petitioner bears the burden of proof with respect to the claimed deduction. Rule 142(a). [3]
The sole issue for decision is whether, under Virginia law, the Federal estate taxes on the Kentucky real property are to *457 be borne by the Kentucky real property or by the non-probate property. If such taxes are paid by the non-probate property, the amount of the estate tax marital deduction will decrease, thereby increasing the estate tax liability of petitioner. Petitioner argues that, in the absence of sufficient funds in the residue of decedent's estate to pay the taxes on the Kentucky real estate, the real estate must bear its proportionate share of the Federal estate taxes and state inheritance taxes, thus giving effect to the legislative intent behind the Virginia apportionment statute and affording petitioner the full benefit of the marital deduction. Respondent argues, however, that the will provision is evidence of the decedent's intent to preserve the Kentucky real estate, even if such preservation results in a reduction of the marital deduction. Decedent's will was submitted to probate in Virginia. [4] Under Virginia law, the general rule with regard to the payment of estate taxes is that estate taxes are apportioned against the asset which produces the tax.Va. Code sec. 64.1-161 (1980). The Virginia Code provides that each beneficiary's share shall be charged *458 with Federal estate taxes and state inheritance taxes in the proportion that the value of such share bears to the total value of the estate, "except that in making such proration each such person shall have the benefit of any exemptions, deductions and exclusions allowed by such law in respect of such person or the property passing to him[.]" Va. Code sec. 64.1-161 (1980). This statute was designed to give the surviving spouse the full benefit of the marital deduction unless the decedent directs otherwise by will or other inter vivos instrument. Alexandria National Bank v. Thomas,213 Va. 620, 194 S.E. 2d 723, 725 (1973); Baylor v. National Bank of Commerce,194 Va. 1, 17, 72 S.E. 2d 282, 285 (1952). The testator, however, retains the power and the right to direct payment of Federal estate taxes and state inheritance taxes, by will or by other inter vivos instrument, and to designate the funds from which payments of such taxes shall be made. If the testator makes such direction, the provisions of the will or other *459 inter vivos instrument are given effect to the same extent as if the apportionment statute had not been enacted. Va. Code sec. 64.1-165 (1950). "The intent of the testator is the cardinal rule, and if it is made clear that [the testator] intended that there should not be an apportionment of taxes, that intent must be given effect." Simeone v. Smith,204 Va. 860, 134 S.E. 2d 281, 283 (1964). In the instant case the testator directed that all death duties on his Kentucky real estate be paid by his executrix out of the assets of his estate other than the Kentucky real estate. The inclusion of this direction demonstrates the intent of the decedent to avoid the Virginia apportionment statute and to preserve the Kentucky real estate. Under Virginia law, this intent is sufficient to avoid the application of the apportionment statute. In a case involving a similar will provision, the Supreme Court of Virginia stated: "While this conclusion reduces the value of the bequest to the widow and increases the amount of the Federal estate tax, the language of the will is susceptible of no other interpretation." Baylor v. National Bank of Commerce,supra,72 S.E. 2d at 286. *460 The language of the will at issue in the instant case is equally clear and must be given affect. Petitioner contends, however, that despite the language contained in the will, the Federal estate taxes attributable to the Kentucky property should be paid out of that property and argues that decedent's direction that death duties on the Kentucky real estate be paid out of assets other than said real estate did not reject the Virginia statutory apportionment rule. Petitioner argues that decedent intended that estate taxes attributable to the Kentucky real estate should be charged against the residue of decedent's probate estate, and that when the residue of decedent's estate is exhausted, taxes must be apportioned in accordance with Virginia law. Therefore, according to petitioner, the Kentucky real estate must bear the taxes attributable to it which exceed the residue of decedent's estate. Petitioner cites no authority for this proposition, nor have we found any. First, we note that decedent's will did not provide for payment of taxes out of the residue of his probate estate, but rather out of the assets of his estate other than the Kentucky real estate. Jointly held property *461 is included in a decedent's gross estate under both Federal and Virginia law. Section 2040; Va. Code sec. 58.1-901 (1984). Therefore, the jointly held property is included in decedent's estate for purposes of both Federal estate taxes and Virginia inheritance taxes. Secondly, Virginia Code section 64.1-165 provides, with respect to the apportionment statutes: "that none of such provisions shall in any way impair the right or power of any person by will * * * to make direction for the payment of such estate or inheritance taxes and to designate the fund or funds or property out of which such payment shall be made; and in every such case the provisions of the will * * * shall be given effect to the same extent as if the [apportionment statutes] had not been enacted." As stated above, the intent of the decedent is clear and must be given effect. The provision in decedent's will directing that death duties on the Kentucky real estate be paid by his executrix out of assets other than said real estate thus overrides the Virginia apportionment statute, and causes the will to be administered as if the apportionment statute had never *462 been enacted. Va. Code sec. 64.1-165 (1980). Given the statutory language, we cannot agree with petitioner's argument that the will should be given effect only until the residue of decedent's probate estate is exhausted. Petitioner argues that in order for taxes attributable to the Kentucky real property to be assessed against the joint property passing to the wife outside the will, respondent must prove that the decedent intended to preserve the Kentucky real property at the cost of forcing his wife to sell their residence to pay the death taxes attributable to said real estate. Contrary to this assertion, petitioner bears the burden of proof with respect to the claimed deduction. Rule 142(a). Petitioner correctly points out that where there is found an intention on the part of the testator that apportionment should not take place, that intent is given effect and where evidence of such intent is lacking, apportionment is applied. Simeone v. Smith,supra at 285. However, petitioner misunderstands the meaning of "intent" under Virginia law. Petitioner maintains that the intent required is the intent of decedent to force his wife to sell the *463 family residence in order to pay the death taxes on the Kentucky real property. Under Virginia law, however, the requisite intent is merely the testator's intent that taxes not be apportioned. The tax clause at issue in the instant case provides such an intent. Petitioner cites no authority for its assertion that the tax clause will fail absent a showing that decedent intended that the residence be sold in order to pay the taxes on the Kentucky real property, nor have we found any. Finally, petitioner argues that even if the decedent had explicitly expressed his intention to charge taxes attributable to the Kentucky real estate against joint property, such an expression would be ineffectual under Virginia law. In support of its contention, petitioner cites section 64.1-165 of the Virginia Code which provides that if a will provision which is contrary to statutory apportionment exists, it shall be given effect to the same extent as if the apportionment statute had not been enacted. Therefore, petitioner asserts that if decedent intended that taxes not be apportioned, common law rules should be applied. Petitioner concludes that under common law, the *464 decedent could not defeat his spouse's right of survivorship by will. Under common law, joint tenancy property or property held as tenants by the entireties is not subject to the will of one joint tenant, but passes to the other joint tenant by right of survivorship. However, the common law right of survivorship has been abolished in Virginia. Va. Code sec. 55-20 (1981). This section provides that any conveyance or devise of real or personal property to a husband and wife shall be treated as a tenancy in common rather than a tenancy by the entireties. Each spouse will be treated as if he or she had received a one-half interest in a separate conveyance. Virginia Code section 55-21, however, provides that section 55-20 shall not apply "when it manifestly appears from the tenor of the instrument that it was intended the part of the one dying should then belong to the others." In order for survivorship to exist, the deed or will conveying the interest to husband and wife must provide that survivorship is intended. Vasilion v. Vasilion,192 Va. 735, 66 S.E. 2d 599 (1951). Although the parties stipulated that the non-probate *465 property was held by decedent and his spouse as joint tenants by the entireties, petitioner, who bears the burden of proof on this issue, has proffered no evidence indicating that the decedent and his spouse held the property with the right of survivorship. [5]
Virginia law requires that the intent of the testator be given effect. Although the purpose of the apportionment statute is to permit the surviving spouse the maximum marital deduction under section 2056, the Virginia Supreme Court has not hesitated to reduce the amount of the decedent's estate received by the surviving spouse in order to give effect to the intent of the testator as expressed in the will. Baylor v. National Bank of Commerce of Norfolk,supra at 286. The will of the testator, in the instant case, expresses his intent that the Kentucky real property not be subject to estate and this intent takes precedence over the surviving spouse's ability to claim the maximum estate tax marital deduction. Therefore, we sustain *466 respondent's determination. To reflect concessions of the parties and the foregoing, Decision will be entered under Rule 155.
Footnotes
*. By order of the Chief Judge, this case was transferred from Judge Edna G. Parker to Judge Lawrence A. Wright↩.
1. The terms "probate property" and "non-probate property" are used herein solely for convenience, and are not legal descriptions of the property in issue. See infra↩ pp. 10-11.
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year here in issue, unless otherwise indicated. ↩
3. All rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
4. The parties agree that Virginia law controls the placement of the estate tax burden in this case.↩
5. While we have some reservations with respect to whether the Virginia real estate was in fact non-probate property, we do not feel justified in going behind the stipulation in this case.↩