## CIRCUIT COURT OF AMHERST COUNTY

Rifat Kotob

v.

Charles J. Hild et al.

December 17, 1991

BY JUDGE J. MICHAEL GAMBLE

The complaint in this matter alleges that the plaintiff obtained judgment against Charles J. Hild, one of the defendants, in the amount of $8,800.00 plus interest on June 2, 1987. This judgment was obtained in the United States District Court for the Western District of Virginia. At the time of the judgment, Charles J. Hild, Marie M. Hild, John S. Ward, and Libby S. Ward owned as tenants in common a tract of land containing 59.5 acres and a tract of land containing 50 acres which they acquired by deed dated December 20, 1972, and recorded in the Clerk's Office of the Circuit Court of Amherst County, Virginia, on February 14, 1973. By deed dated April 30, 1987, and recorded in the Amherst County Circuit Court Clerk's Office on June 1, 1987, Charles J. Hild, Marie M. Hild, and John J. Ward, widower (Libby S. Ward having died) conveyed the 59.5 acre tract to Fitzhugh Scott Strang and Eve Ward Strang, daughter of John J. Ward. The last paragraph of the deed set forth that this was a deed of partition pursuant to § 58.1–806 of the Code of Virginia.

Also, by deed dated April 30, 1987, and recorded in the Amherst County Circuit Court Clerk's Office on June 1, 1987, Charles J. Hild and Marie M. Hild, and John J. Ward, widower, conveyed unto Charles J. Hild and Marie M. Hild, as tenants by the entireties, the 50 acre tract of land. The last paragraph of this deed indicated that it is equivalent to a deed of partition pursuant to Section 58.1–806 of the Code of Virginia.

The judgment from the United States District Court was docketed at Judgment Lien Book 13, page 306, in the Amherst County Circuit Court Clerk's Office. The date the judgment was docketed was September 28, 1987, almost four months after the "partition deeds" were recorded.

The bill of complaint alleges that the April 30, 1987, deed to Charles J. Hild and Marie M. Hild is voidable under Section 55–81 of the Code of Virginia because it was made without valuable consideration and voidable under § 55–80 of the Code of Virginia because it was made to hinder or defraud the complainant, a creditor. Likewise, the complainant alleges that the conveyance of the 59.5 acres to Strang was voidable on the same two grounds.

The defendants, Charles J. Hild and Marie M. Hild, move for summary judgment on the grounds that Count I was a voluntary conveyance for consideration since it was merely a partition deed. They further allege that Count II was not filed within the applicable statute of limitations under § 8.01–243 of the Code of Virginia and is therefore time-barred by laches.

The Court will first address the issue of whether or not the transfer to Charles J. Hild and Marie M. Hild as tenants by the entireties of the 50 acres was for "consideration deemed valuable in law." Section 55–81 of the Code of Virginia provides in part as follows:

> Every gift, conveyance, assignment, transfer or charge which is not upon consideration deemed valuable in law, or which is upon consideration of marriage, shall be void as to creditors whose debts shall have been contracted at the time it was made . . . .

It should be noted that § 55–81 was amended effective July 1, 1988, to also require that the debtor be insolvent at the time of the transfer. However, under § 1–16 of the Code of Virginia, the statute in effect at the time of the act controls. Therefore, the pre-July 1, 1988, statute controls this issue.

At the time of the conveyance to Charles J. Hild and Marie M. Hild as tenants by the entireties, they were married but held their undivided interests in the two tracts as tenants in common. The transfer, however, converted their ownership to tenants by the entireties. At common law, it was presumed that all conveyances to husband and wife were tenancy by the entirety. *Allen v. Parkey*, 154 Va. 739, 745, aff'd. 154 Va. 749 (1930). However, § 55–20 adopted by

the Virginia General Assembly in 1919 made each conveyance to a husband and wife tenants in common unless the deed expressly set forth another form of joint ownership.

A creditor of one spouse cannot reach property held by that spouse as tenants by the entirety with another spouse. *Oliver v. Givens*, 204 Va. 123, 127 (1963); *Vasilion v. Vasilion*, 192 Va. 735, 740 (1951).

The effect of conveying the property as tenants by the entireties to Charles J. Hild and Marie M. Hild by the deed dated April 30, 1987, was to convert the ownership to a different form and a different person without consideration. At common law the unity of husband and wife as tenants by the entireties was treated as one person. This person was separate from each spouse individually. *Vasilion v. Vasilion*, 192 Va. 735, 739 (1951). The Supreme Court of Virginia noted in *Vasilion* "at common law when land was conveyed to a man and wife the seisin of each was an entirety or in one person because from the unity of their person by marriage they have land entirely as one individual . . . ." 192 Va. at 739.

It is therefore clear that when Mr. and Mrs. Hild owned the property prior to the April 30, 1987, conveyance, it was by individual ownership as tenants in common. However, when they converted the property to tenants by the entirety by the April 30, 1987, deed, they converted the ownership to a different entity or person under the law without any consideration. Therefore, summary judgment cannot be granted under § 50–81 of the Code of Virginia.

Count II of the bill of complaint alleges that under Section 55–80 of the Code of Virginia, Charles J. Hild and Marie M. Hild conveyed to themselves the real estate on April 30, 1987, in an effort to hinder or defraud their creditor, the plaintiff. The defendants, Hild, have filed a statute of limitations defense alleging that the doctrine of laches follows the statute of limitations for damages resulting from fraud under § 8.01–243 of the Code of Virginia. This code section provides that every action for fraud shall be brought within two years after the cause of action accrues. This is restricted only to an action for damages.

The defendants cite a number of cases that hold that an action in chancery to set aside a conveyance of real estate on the grounds of fraud must be filed within the two-year statute of limitations for damage cases under Section 8.01–243 of the Code of Virginia. As noted by the defendants in their memorandum, equity employs the

maxim that equity "follows the law." Further, the Supreme Court of Virginia in *Hagan Estates v. New York Mining Company*, 184 Va. 1064, 1073 (1946), held that the doctrine of laches in chancery follows the statute of limitations. Accordingly, the defendants maintain the action would have been time barred in law and is therefore barred in equity on the grounds of laches. This principle has been cited in a number of cases by the Supreme Court of Virginia. However, *Hagan* and the other cases do not address the specific situation where a real estate transaction is declared void on the grounds of fraud.

In *Bumgardner v. Harris*, 92 Va. 188, 193 (1885), the Supreme Court of Virginia specifically held as follows:

> There is, however, no limitation by statute upon the right of a creditor to institute a suit to attack a deed as fraudulent in fact. Of course, the right to institute such a suit can be lost in equity by remissness and delay in its assertion. It is true that delay in the assertion of a right is always discountenanced in a court of chancery, that it does not encourage stale claims, and that a party may lose his right to complain of a fraud by delay, especially where the delay is accompanied by the loss of evidence or the death of parties, or such conditions exist as to render the court unable to pass upon the questions involved without serious risk of doing injustice.

In the instant case, the deed to Hild is attacked specifically on the grounds of fraud. There is no allegation of loss of evidence, *et cetera*. Therefore, the Supreme Court of Virginia seems to have carved an exception to the general maxim that equity follows the law in the case of statutes of limitations involving fraudulent deeds.

In *Atkinson v. Solenberger*, 112 Va. 667, 670–671 (1910), the Court held that in the case of a fraudulent conveyance, a five-year statute of limitations did not apply.

For the above reasons, the motion for summary judgment is overruled. The plaintiff must still, however, prove by clear and convincing evidence that a fraudulent transaction has occurred. This includes the Court's consideration of the ten classic badges of fraud. 9A M.J., *Fraudulent and Voluntary Conveyances*, § 15.

Last, although some evidence must be submitted, it seems that the partition deed to Strang was probably a conveyance for consideration.