In re Valerie J. WHITCOMB, Debtor.

T.R. PRESS, INC., Plaintiff,

v.

Valerie J. WHITCOMB, Defendant.

Bankruptcy No. 90–11497.
Adv. No. 90–1256.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

May 20, 1992.

Craig E. Baumann, Alexandria, Va., to debtor.

Merle W. Fallon, Warrenton, Va., to plaintiff.

Stanley M. Salus, Interim Trustee, Vienna, Va.

Dennis J. Early, Asst. U.S. Trustee, Office of the U.S. Trustee, Alexandria, Va.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Chief Judge.

This matter is before the Court on a complaint filed by T.R. Press Inc. (the "Plaintiff"), objecting to the Chapter 7 discharge of Valerie J. Whitcomb (the "Debtor"). At a pre-trial hearing the parties opted to have this proceeding decided on their briefs. The issue for determination is whether the Debtor's transfer on the eve of bankruptcy of real property held by her and her husband as tenants by the entireties is a transfer "with intent to hinder, delay, or defraud a creditor" within the language of § 727(a)(2)(A) of the Bankruptcy Code [1] which warrants denying the Debtor her discharge. For the reasons set forth herein, we hold that the pre-petition transfer by the Debtor and her husband of the real property they held as tenants by the entireties does not adversely affect her right to a general discharge.

The following facts are undisputed. On June 22, 1988 the Debtor and her husband acquired the subject real property in Rappahannock County, Virginia as tenants by the entireties. On June 30, 1989, the Plaintiff obtained a judgment in Fauquier County in the amount of $2,288.40 against the Debtor individually. The Plaintiff subsequently docketed this judgment in the county land records of Rappahannock County. On May 1, 1990, prior to her bankruptcy filing, the Debtor and her husband conveyed the real property to The Lodge, a partnership in which her husband and Michael Binick were the general partners. On June 19, 1990 the Debtor filed

---

**1.** All further references to the Bankruptcy Code and to individual section numbers refer to Title 11 of the United States Code.

her voluntary petition pursuant to Chapter 7 of the Bankruptcy Code. On her statement of financial affairs the Debtor disclosed the transfer, stating that the property was in disrepair and about to go to foreclosure and that she and her husband transferred the property to the Lodge to halt the foreclosure and bring the payments current.

Turning to the legal issue presented by this proceeding, we note that a primary purpose of bankruptcy is to give "the honest but unfortunate debtor who surrenders for distribution the property which he owns at the time of bankruptcy, a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt." *Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934). Thus, "the statutory right to a discharge should ordinarily be construed liberally in favor of the debtor." *Boroff v. Tully*, (*In re Tully*), 818 F.2d 106, 110 (1st Cir.1987). On the other hand, the provisions of § 727(a) that bar a debtor's general discharge ensure "that those who seek the shelter of the bankruptcy code do not play fast and loose with their assets or with the reality of their affairs." *Id.*

In keeping with the policy that the discharge provisions of the Bankruptcy Code are to be construed liberally in favor of the debtor, Bankruptcy Rule 4005 places the burden of proving an objection to discharge on the plaintiff. "Although the burden of going forward may shift after plaintiff establishes a prima facie case, the ultimate burden of persuasion remains upon the plaintiff." *Giel v. Brooks* (*In re Brooks*), 58 B.R. 462, 464 (W.D.Pa.1986). The plaintiff must prove a § 727(a)(2)(A) objection to discharge by a preponderance of the evidence. *Union Bank v. Farouki* (*In re Farouki*), 133 B.R. 769, 776–77 (Bankr.E.D.Va.1991).

In light of these standards we review the elements constituting a § 727(a)(2)(A) denial of discharge. Section 727(a)(2)(A) of the Bankruptcy Code provides as follows:

(a) The court shall grant the debtor a discharge, unless—

. . . . .

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition. . . .

"The purpose of this section is to prevent the discharge of a debtor who attempts to avert collection of his debts by concealing or otherwise disposing of assets." *Cobb v. Hadley* (*In re Hadley*), 70 B.R. 51, 53 (Bankr.D.Kan.1987). For the court to deny a debtor a discharge pursuant to § 727(a)(2)(A), the debtor must have had an actual intent to hinder, delay, or defraud a creditor in transferring property within the year preceding the filing of the bankruptcy petition. *Lee Supply Corp. v. Agnew* (*In re Agnew*), 818 F.2d 1284, 1287 (7th Cir. 1987). "However, actual fraudulent intent may be determined by circumstantial evidence, or inferences drawn from a course of conduct." *Brooks*, 58 B.R. at 465.

The Plaintiff contends that had the Debtor and her husband not transferred their property prior to her filing for bankruptcy, her interest in the property would have become property of the estate pursuant to § 541(a), and the Chapter 7 trustee could have proceeded under the authority of § 363(h) to sell the property for the benefit of creditors. The Plaintiff argues that the conveyance was thus made with the intent to hinder, delay, or defraud creditors.

The Plaintiff is correct in asserting that if the Debtor and her husband had not transferred their tenancy by the entireties property prior to the bankruptcy filing, then the Debtor's interest in the property would have become part of her bankruptcy estate pursuant to § 541(a). *In re Ford*, 3 B.R. 559, 571 (Bankr.D.Md.1980), *aff'd sub nom. Greenblatt v. Ford* (*In re Ford*), 638

F.2d 14 (4th Cir.1981) (per curiam). Section 541(a)(1) provides that a debtor's estate "is comprised of ... all legal or equitable interests of the debtor in property as of the commencement of the case." An individual debtor's interest in entireties property consists of a present, contingent right of survivorship and an indivisible present right to the use, possession, and income from the property. *Id.* at 566 (construing Maryland law which is identical to Virginia law on this issue).

However, in asserting that the trustee could have proceeded under § 363(h) to sell the property for the benefit of creditors, the Plaintiff has overlooked the impact that the Debtor's exemptions would have on § 363(h).[2] Section 522(b)(1) allows each state to opt out of the federal exemptions of 522(d) and restrict its residents to its particular state exemptions. Virginia has exercised this option, so debtors in bankruptcy in Virginia may only assert Virginia exemptions. Va.Code Ann. § 34–3.1 (Michie 1990). Had the Debtor and her husband not transferred their property prior to her bankruptcy filing, her interest in entireties property would have become property of her estate, but she could have exempted her interest "to the extent that such interest ... is exempt from process under [Virginia] law." § 522(b)(2)(B).

 Under Virginia law, property that is held by spouses as tenants by the entirety is exempt from the claims of either spouse's individual creditors, but not from the claims of the spouses' joint creditors. *Vasilion v. Vasilion*, 192 Va. 735, 740, 66 S.E.2d 599, 602 (1951). "[A] judgment against one of the tenants to an estate by

entireties is not a lien upon any part of the estate, and gives to the judgment creditor no interest therein...." *Id.* at 743, 66 S.E.2d at 604. Thus, pursuant to § 522(b)(2)(B) the Debtor could have exempted her interest in the entireties property from the claims of her individual creditors including the Plaintiff.[3] To the extent that there are joint claims, the entireties property is not exempt from the Debtor's estate. *Sumy v. Schlossberg (In re Sumy)*, 777 F.2d 921, 928 (4th Cir.1985) (construing Maryland law which is identical to Virginia law on this issue).

As a result, even if there had been no prepetition transfer and we assume arguendo that the prerequisites of § 363(h) were satisfied, the trustee would have been permitted to sell the entireties property and to administer proceeds of the sale for the benefit of joint creditors of the Debtor and her husband, but not for the benefit of the Debtor's individual creditors. *Id.* at 931–32. In this case, the trustee chose not to pursue an avoidance action to recover this entireties property, which was described on the Debtor's statement of financial affairs as being in disrepair and in foreclosure.

The entireties property was exempt from the Plaintiff's claim pursuant to Virginia law, and as such it would have been exempted from the Plaintiff's claim pursuant to § 522(b)(2)(B) had it come into the Debtor's estate. Under these circumstances we must hold that the Debtor did not have an actual intent to hinder, delay, or defraud a creditor in violation of § 727(a)(2)(A) when she and her husband transferred their entireties property on the eve of her bankruptcy filing. *See Agnew*, 818 F.2d at 1290

---

**2.** Section 363(h) provides as follows:

(h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—

(1) partition in kind of such property among the estate and such co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less

for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

**3.** In accordance with § 522(*l*), on her "Schedule B–4—Property Claimed As Exempt," the Debtor did list as exempt the real property described as "The Lodge."

(finding no actual intent to defraud where the plaintiff could never have had a claim to the asset in the first place); *Discenza v. MacDonald* (*In re MacDonald*), 50 B.R. 255, 259 (Bankr.D.Mass.1985) (finding no fraudulent intent where the transfer did not reduce the assets available to the complaining creditor).

Through clerical error an order discharging the Debtor was inadvertently entered on October 11, 1990. In addition, an Order closing the case was entered by the clerk on October 23, 1990. Consistent with this opinion, these orders will be allowed to stand.

In her answer the Debtor requested sanctions including costs and attorney fees. If the Debtor still desires sanctions, a hearing will be set upon the filing of a motion within fifteen days of the entry of this order.

An appropriate order will be entered.