**In re Donna M. HARRY, Debtor.**

**Bankruptcy No. 92–01386.**

United States Bankruptcy Court,
W.D. Virginia,
Charlottesville Division.

Dec. 31, 1992.

W. Alan Smith, Jr., trustee.

John E. Slough, Charlottesville, VA, R. Mitchell Garbee, Lynchburg, VA, for debtor.

### MEMORANDUM OPINION

WILLIAM E. ANDERSON, Chief Judge.

Before the court is an objection filed by the chapter 7 trustee, W. Alan Smith, Jr., to the claim of the debtor, Donna M. Harry, to an exemption in real property.

### FACTS

The debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code on July 27, 1992. In Schedule A filed with her petition, the debtor stated that she was the joint owner of the five parcels of real property described as follows:

2.5 acres in Fluvanna County, Virginia
Debtor's Interest: $150,000.00
Total debt on property: $95,000.00

4.5 acres known as Rivanna Center in Fluvanna County, Virginia
Debtor's interest: $265,000.00
Total debt on property: $194,186.59

45 acres in Albemarle County, Virginia
Debtor's interest: $170,000.00
Total debt on property: $16,000.00

47 acres in Fluvanna County, Virginia
Debtor's interest: $250,000.00
Total debt on property: $97,000.00

Principal residence, Charlottesville, Virginia
Debtor's interest: $175,000.00
Total debt on property: $97,000.00

On Schedule C, all five parcels were listed as exempt pursuant to "Vasilion v. Vasilion, 192 Va. 735, Sumy v. Schlossberg, 4th Cir." The debtor also executed a homestead deed on September 10, 1992 in which she claimed an exemption of $1.00 in her principal residence.

In Schedule I the debtor stated that she was married to and living with Richard T. Harry. Mr. Harry did not file his own, or join in his. wife's, bankruptcy petition.

On September 10, 1992, the meeting of creditors was held pursuant to 11 U.S.C. § 341.

On October 7, 1992, the "Trustee's Objection to Debtor's Claim of Exemption in Real Property" was filed. It states first that the debtor has claimed an exemption of $1.00 in her principal residence. In paragraph 5 of the Objection, *Taylor v. Freeland and Kronz*, —— U.S. ——, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), is cited for the proposition that a trustee loses any claim to administer property claimed exempt by a debtor, unless the trustee objects to the exemption within the 30 days provided for under Federal Rule of Bank-

ruptcy Procedure 4003(b). Paragraph 6 states that the trustee:

"does not object to the claim of exemption as such, but requests that it be limited to the $1.00 claimed in the homestead deed, or to the extent that $1.00 can be amended up to the limit of the debtor's unused homestead exemption, with the remaining equity in the property, as may be recovered by the trustee, to be an asset of the bankruptcy estate to be administered by the trustee for the benefit of the unsecured creditors in this case."

In paragraph 2, the trustee states that 2½ months before the debtor filed her bankruptcy petition, she conveyed her principal residence and a parcel of real estate located in Fluvanna County to herself and her husband as tenants by the entirety. (The copy of the deed which is attached as an exhibit to the trustee's objection identifies the two conveyed parcels as the 2.5 and 4.5 acre parcels located in Fluvanna County, not the Charlottesville principal residence.) In paragraph 4, the trustee states that he believes that the debtor's conveyance of the two parcels to herself and her husband as tenants by the entirety constitutes a fraudulent or voluntary conveyance that can be avoided by a bankruptcy trustee under federal bankruptcy and Virginia law.

A hearing was held on November 23, 1992. Debtor's counsel appeared at the hearing and contested the objection. He did not, however, dispute the trustee's objection to the debtor's claimed homestead exemption. Instead, counsel argued that the trustee had failed to object to the debtor's assertion that her real property was held as tenants by the entirety with her husband.

### DISCUSSION

■ The debtor's interest in property owned as a tenant by the entirety with her non-debtor spouse became property of the bankruptcy estate when she filed her bankruptcy petition. 11 U.S.C. § 541. Section 522(b) of the Bankruptcy Code, however, allows a debtor to prevent the distribution of property by claiming it as exempt. Subsection 522(b)(2), which Virginia Code § 34–3.1 makes applicable to debtors domiciled in Virginia, provides that the following property may be exempted from the estate:

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180–day period than in any other place; and

(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable law.

Under Virginia common law, property held as tenants by the entirety is liable for the joint debts of both spouses but is not liable for the individual debts of either. *Vasilion v. Vasilion*, 192 Va. 735, 66 S.E.2d 599, 602 (1951). In Virginia, therefore, pursuant to 11 U.S.C. § 522(b)(2)(B), a trustee may not reach entireties property to pay a debt owed by only the debtor spouse. The trustee can, however, administer entireties property for the benefit of any joint creditors of the debtor and the non-debtor spouse, pursuant to the conditions set forth in 11 U.S.C. § 363(h), even if the property is claimed exempt pursuant to section 522(b)(2)(B). *Sumy v. Schlossberg*, 777 F.2d 921, 928 (4th Cir.1985).

Section 522(1) states the procedure for claiming exemptions is as follows:

The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section.... Unless a party in interest objects, the property claimed as exempt on such list is exempt.

Federal Rule of Bankruptcy Procedure 4003(b) provides in part that:

The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclu-

sion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list or supplemental schedules unless, within such period, further time is granted by the court.

■ Presumably, then, property held as tenants by the entirety must be listed by a debtor in the bankruptcy schedules as exempt pursuant to section 522(b)(2)(B) in order to make it exempt from individual creditors.[1] Arguably, the only effect on entireties property of claiming the exemption is to insure that such property is not administered for the benefit of individual creditors of the debtor spouse, because section 522(b)(2)(B) does not exempt more property than can be exempted under applicable non-bankruptcy law. Therefore, when a Virginia debtor lists entireties property as exempt pursuant to section 522(b)(2)(B), a trustee need not object in order to administer such property for the benefit of joint creditors.[2]

In *Taylor v. Freeland & Kronz, supra,* the United States Supreme Court held that a trustee may not contest the validity of a claimed exemption after the Rule 4003(b) 30–day period has expired, even though a debtor has no colorable basis for claiming the exemption. *Id.* — U.S. at —, 112 S.Ct. at 1648. The debtor therefore argues that the trustee cannot file suit against her to rescind the transfer that created entireties property because he did not object to her claim of exemption under section 522(b)(B)(2).

■ This court disagrees. No provision of the Bankruptcy Code or of the Rules require or suggest such a result. The trustee is not contesting the debtor's right to claim the section 522(b)(2)(B) exemption. Unless and until the trustee successfully avoids the transfer that created the tenan-

cy by the entirety, the debtor is entitled to the exemption. Requiring the trustee to bring such an action within the 30 day claim objection period would defeat the purpose of the much longer limitations period on the trustee's avoiding powers provided in 11 U.S.C. § 546(a).[3]

Even if Rule 4003(b) were to be construed to apply, however, the trustee's description of the conveyance in paragraphs 2 and 3 of his Objection, and his statement in paragraph 4 that he believes it can be avoided, is sufficient "objection" to comply with the Rule. The Objection was filed on October 7, 1992 which was less than thirty days after the meeting of creditors was held on September 10, 1992.

## CONCLUSION

For the foregoing reasons, the court will enter an order limiting the debtor's homestead exemption in the equity in her real property to $5,000; authorizing the trustee to administer property held by the debtor and her husband as tenants by the entirety for the benefit of joint creditors if appropriate to do so; and declaring that Federal Rule of Bankruptcy Procedure 4003 does not bar the trustee from bringing any appropriate action to set aside fraudulent conveyances.

1. It is not clear, however, that the failure to do so would make the property available to such creditors. As a practical matter, if the trustee tried to administer the property the non-debtor spouse would object and the schedules could be amended to claim the exemption.

2. *But see,* Thomas E. Ray, *Treatment of Entireties Property—Let the Interested Parties Beware!,* American Bankruptcy Institute Journal, October 1992, at 31. Ray suggests that when there are

joint creditors, the trustee should make a timely objection to the claim of exemption.

3. 11 U.S.C. § 546 provides as follows:
   (a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
       (1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or
       (2) the time the case is closed.