## CIRCUIT COURT OF WISE COUNTY

Miriam Mullins,
Lenora Yates,
and Leo Carter

v.

Samuel Slemp,
personally and
as administrator
of the estate
of Stewart Slemp,
Marquita Slemp,
and Cora Slemp

March 23, 1995

Case No. C92-162

BY JUDGE J. ROBERT STUMP

The court has carefully reviewed the file, pleadings, *ore tenus* trial transcript of evidence with exhibits, and oral and written arguments of counsel and makes the following findings of fact and conclusions of law.

Complainants are children of Stewart Slemp, deceased. Samuel Slemp was the nephew and stepson of Stewart Slemp. Cora Slemp is the widow of Stewart Slemp, deceased, and the natural mother of Samuel Slemp. Marquita Slemp is the wife of Samuel Slemp.

Complainants seek to declare an interest in real estate based on a deed wherein Stewart Slemp's name as grantee was added and interlined after all grantors signed the deed.

Complainants presented the deed and rested. The court allowed parol evidence to be admitted to explain the ambiguous deed. All other evidence and testimony was presented by defendants.

### Findings of Fact

The deed in question dated August 1, 1979, includes seven tracts of land. It took seven years (from 1979 to 1986) to obtain twenty-nine

grantor-heirs to sign the deed. The original grantees on the deed are "Samuel Slemp and Marquita Slemp, his wife, as tenants by the entirety with the right of survivorship as at common law, parties of the second part."

Stewart Slemp refused to sign the deed until Samuel Slemp agreed to add his name to it. Stewart Slemp had objected to a right-of-way reserved for V.I.C. Coal Co. Stewart Slemp and his wife, Cora, signed the deed on November 25, 1986. The next day (11/26/86) Samuel Slemp had "Stewart Slemp" typed and interlined in the preamble clause identifying the grantees and then recorded the deed.

Stewart Slemp loaned and/or gave Samuel Slemp $10,000.00 as partial consideration to pay the grantor-heirs for the deed. Although Samuel Slemp attempted to pay this loan and/or gift back to Stewart Slemp, he refused reimbursement during his life time. Stewart Slemp died September 5, 1990, and until his death was paid $7,000.00, one-half of coal royalties on a written coal lease dated January, 1987, on the tracts in question.

Samuel Slemp *mistakenly thought* that when he added Stewart Slemp's name to the deed that he owned a one-half interest in the tracts and that when Stewart died, the properties passed to him, Samuel, and his wife, Marquita, on the basis of survivorship.

Marquita Slemp did not authorize, nor approve in writing nor orally, nor by silence, the interlineation of Stewart Slemp's name on the deed.

Cora Slemp claims no interest in the tracts of land.

### Conclusions of Law

The interlineation of Stewart Slemp's name on the deed after all grantors had signed did not change the original legal effect of the deed, which was to convey all seven tracts to Sam and Marquita Slemp, husband and wife with the right of survivorship. A new deed was necessary with the signature and approval of Marquita Slemp to convey a legal interest to Stewart Slemp.

No interest in the properties was conveyed to Stewart Slemp. The only grantor in the deed who agreed to add the name to the deed was Samuel Slemp, who alone could not sever his wife's estate by the entireties. Marquita Slemp did not know, authorize, or approve the severance of this estate. *Vasilon v. Vasilon*, 192 Va. 735 (1951). Samuel's attempt to do so was ineffectual, void, and of no legal effect.

"No . . . alteration in a conveyance . . . can divest an estate already vested by operation of the deed . . . ." Va. Code § 55-2, *Brooks v. Clintsman*, 124 Va. 736, 98 S.E. 742, 743 (1919).

The alleged grant to Stewart Slemp did not comply with the Statute of Frauds, Va. Code § 11-2; it is time barred by the Statute of Limitations on an oral (3 years, Va. Code § 8.01-246(4)) or written (5 years, Va. Code § 8.01-246(2)) contract action; and specific performance is not applicable.

At the request of Stewart Slemp, Samuel Slemp caused the interlineation on the deed. The equitable doctrines of unclean hands, any alleged wrongdoing, estoppel, etc., by Samuel Slemp are not applicable. Samuel Slemp did not bring this Bill of Complaint seeking relief. The burden of proof was for complainants to prove a legal grant to their father, which they failed to do. Through ignorance of the law and its ultimate legal effect, Samuel was prohibited from making a valid conveyance of interest in real estate to Stewart Slemp by the interlineation of Stewart's name in the deed after all grantors had signed. The estate of tenants by the entireties could not be severed without a new deed signed by Marquita Slemp and Samuel Slemp.

Counsel for defendants shall prepare a final decree dismissing this case accordingly.