ROBERT L. BULIFANT, JR.

V.

KATHERINE RITTER SLOSJARIK, ET AL.

April 24, 1981.

Record No. 790075.

Present: All the Justices.

*John E. McDonald, Jr.* (*Robert S. Bozarth; McDonald & Crump, P.C.,* on briefs), for appellant.

*Rodney M. Poole* (*Travis W. Poole; Poole and Poole,* on brief), for appellees.

CARRICO, C. J., delivered the opinion of the Court.

Pursuant to Code § 8-836 (now Code § 8.01-179), the plaintiffs, Katherine Ritter Slosjarik and Steve Slosjarik, filed a motion for

judgment for the establishment of the boundary line between their property and the adjoining land of the defendant, Robert L. Bulifant, Jr. After a hearing, the trial court fixed the line in the location claimed by the plaintiffs.

The dispute involves a strip of land containing 0.35 acre fronting on Turner Road in Chesterfield County. The strip is formed by an overlap approximately 24 feet wide lying between the line claimed by the plaintiffs as their northern boundary and the line claimed by the defendant as his southern border. An exhibit reproduced at the end of this opinion depicts the relative positions of the parcels owned by the parties and the location of the overlap.

The strip is part of a larger tract formerly owned by Carrie A. Ritter, a common grantor of the parties and the mother of the plaintiff Katherine Ritter Slosjarik. On January 6, 1942, Mrs. Ritter executed a deed conveying to Mrs. Slosjarik a parcel containing 2.26 acres, described as fronting 155 feet on Turner Road and running back between parallel lines a distance of 640 feet. Then, by deed dated February 3, 1942, Mrs. Ritter conveyed to Henry F. Ritter and Mary Ritter Blankenship, the defendant's predecessors in title, a tract described as containing 6½ acres and as constituting the remainder of Mrs. Ritter's ownership.

The deed to Ritter and Blankenship was recorded soon after its execution. The deed to Mrs. Slosjarik, however, was not recorded until 1964, some 22 years after its execution. In the meantime, the grantor in the deed, Mrs. Ritter, died in the year 1962.

The circumstances concerning the whereabouts of the Slosjarik deed during the 22-year period between its execution and recordation are sketchily outlined in the record. Mr. Slosjarik testified that he had "heard about'" the deed but "nobody seemed to know where it was." Mrs. Slosjarik testified that her sister, Mary Ritter Blankenship, "held the deed." Mrs. Blankenship did not testify. In any event, on April 28, 1964, approximately two years after Mrs. Ritter's death, Mr. Slosjarik "went over there [to Mrs. Blankenship's home] and she handed [the deed] to [him]." He recorded the instrument the same day.

In November, 1965, the defendant purchased his property at a judicial sale and acquired title by a commissioner's deed dated July 5, 1966. Apparently, the surveyor preparing the description for the commissioner's deed relied upon an old plat showing the Slosjarik property to have a frontage on Turner Road of 131 feet, rather than 155 feet. As a result, the frontage of the land conveyed to the

defendant was extended by approximately 24 feet, thus causing the overlap in dispute.

While an action under Code § 8-836 (now Code § 8.01-179) to establish a boundary line is not coextensive with an action in ejectment, the two proceedings are governed by the same legal principles. *Custis Fishing Club* v. *Johnson*, 214 Va. 388, 390, 200 S.E.2d 542, 544 (1973); *Prettyman* v. *Duer & Co.*, 189 Va. 122, 136, 52 S.E.2d 156, 163 (1949). Where, as here, the parties to a boundary-line proceeding purport to trace their title to a common grantor, the burden is upon the plaintiff to prove perfect legal title by showing an unbroken chain running back to the common source. *Page* v. *Luhring*, 208 Va. 643, 650, 159 S.E.2d 642, 649 (1968); *Development Corp.* v. *Jackson*, 201 Va. 95, 99, 109 S.E.2d 400, 402 (1959).

In the present case, the defendant contends that the plaintiffs failed to establish title to the disputed strip because they did not prove delivery of the deed by which Katherine Ritter Slosjarik purported to acquire title from the common grantor, Carrie A. Ritter. The plaintiffs agree that the question of the delivery of the deed is the dispositive issue in the case. They contend, however, that they proved delivery. They argue it was proper for the trial court to infer from the evidence that Mrs. Ritter transferred the deed to Mrs. Blankenship with instructions to deliver it to Mrs. Slosjarik after Mrs. Ritter's death.

It is true, as the plaintiffs assert, that, while delivery is essential to the validity of a deed, formality is not required and that delivery may be inferred from the circumstances. *Brewer* v. *Brewer*, 199 Va. 753, 765, 102 S.E.2d 303, 311 (1958). It is true also, as the plaintiffs maintain, that the recordation of a deed may create a presumption of delivery. *Commonwealth* v. *Selden*, 19 Va. (5 Munf.) 160 (1816). And the plaintiffs point out correctly that a grantor legally may transfer a deed to a third person with instructions to deliver it to the grantee after the grantor's death. *Schreckhise* v. *Wiseman*, 102 Va. 9, 13, 45 S.E. 745, 746 (1903).

In *Leftwich* v. *Early*, 115 Va. 323, 328, 79 S.E. 384, 386 (1913), we quoted with approval this statement:

"The question of delivery is one of intention, and the rule is that a delivery is complete when there is an intention on the part of the grantor to make the instrument his deed. The main thing which the law looks at is, whether the grantor indicates his will that the instrument should pass into the possession of the grantee; and, if that will is manifest, then the conveyance inures as a valid

grant, although . . . the deed never comes into the hands of the grantee."

██ Here, however, even with all reasonable inferences drawn favorably to the plaintiffs, the evidence fails to establish how the Slosjarik deed came into Mrs. Blankenship's possession and, of vital importance, what instructions, if any, the grantor gave her concerning the disposition of the instrument. Hence, the record leaves in a state of uncertainty the questions whether Mrs. Blankenship had any authority to deliver the deed and, if so, when and under what circumstances delivery should occur. In short, the record does not answer the pivotal question of the grantor's intention concerning delivery of the deed.

██ There is, of course, the evidence that the deed was recorded. But where, as here, a deed is recorded many years after its execution and no satisfactory explanation accounts for its whereabouts during the intervening period, no presumption of delivery arises from the mere fact of recordation. *Pocahontas Fuel Co.* v. *Dillion,* 161 Va. 301, 314-15, 170 S.E. 616, 620 (1933).

We hold, therefore, that the plaintiffs failed to establish title to the disputed strip because they did not prove delivery of the deed whereby Katherine Ritter Slosjarik purported to acquire title from Carrie A. Ritter. Accordingly, the judgment of the trial court will be reversed, and the case will be remanded with directions to enter an order fixing the true boundary line between the lands of the parties in the location claimed by the defendant, as shown on the plat reproduced at the end of this opinion.

*Reversed and remanded.*

MAP SHOWING DIFFERENCE BETWEEN PROPERTIES OF KATHERINE RITTER SLOSJARIK AND ROBERT L. BULIFANT, JR. LOCATED IN CLOVER HILL DISTRICT, CHESTERFIELD COUNTY, VIRGINIA.

SEPTEMBER 29, 1975

SCALE: 1" = 40'

LaPRADE BROS.
CIVIL ENGINEERS & SURVEYORS
RICHMOND, VA.

MUPPHY LEE GENTRY & EVELYN T GENTRY
DEED BOOK 360 PAGE 458

S 5°53'50" E 131.59'

924.86' TO S/L OF
U.S. ROUTE NO 60

FOUND ROD

0.35 ACRE

115.10'

155.00'

S 6°50'35" E

131.65'

0.67'

FOUND OLD IRON

23.35'

757.12'

755.10'

640.00'

639.85'

0.35 ACR

ROBERT L. BULIFANT JR.
DEED BOOK 846 PAGE 562

LINE

S 89°30'00" E

CHAIN LINK FENCE

N 89°35'50" W

SEWER

SANTARY

KATHERINE RITTER SLOSJARIK
DEED BOOK 746 PAGE 283
(2.26 ACRES)
1.91 ACRES

640.00'

N 89°30'00" W

FOUND ROD

FOUND OLD ROD
HAS BEN HIT

24.45'

FOUND ROD

130.55'

N 6°50'35" W

155.00'

TURNER

ROAD

823.64' TO S/L OF
U.S. ROUTE NO 60