# Constance T. Hausman

## v.

# Barry L. Hausman, et al.

Record No. 840016

March 6, 1987

Present: All the Justices

*Diana M. Perkinson (Perkinson & Perkinson*, on briefs), for appellants.

*John W. F. Haner* for appellee, Planters National Bank and Trust Company.

No brief or argument for appellees, Barry L. Hausman, Eric R. Spencer, Guardian ad litem and John M. Oakey, Inc.

PER CURIAM.

This appeal concerns the priority of liens against property formerly owned by a husband and wife as tenants by the entirety. The question we decide is whether the lien of a child support judgment docketed after the couple's divorce has priority over a recorded deed of trust executed solely by the husband prior to the divorce.

Barry and Constance Hausman were lawfully married in 1966. Two children were born of the marriage. While married, Barry and Constance acquired a house and lot in Roanoke County as tenants by the entirety with the right of survivorship as at common law. The property became the marital home. In 1979, Barry and Constance separated, and a divorce suit followed.

On March 16, 1981, Barry alone executed a deed of trust on the entirety property to secure the payment of a loan in the amount of $13,000 made to him by The Planters National Bank and Trust Company (the Bank). The Bank recorded its deed of trust on March 27, 1981.

By decree entered June 24, 1981, the Circuit Court of Roanoke County dissolved the marriage and granted Constance a judgment for child support. The decree directed that the support judgment be docketed as a lien against Barry's real estate. The judgment was docketed on June 30, 1981.

Upon entry of the divorce decree, the tenancy by the entirety was extinguished and "thereupon . . . converted into a tenancy in common." Code § 20-111. Two days after entry of the divorce decree, Barry filed the present suit seeking partition of the prop-

erty pursuant to Code §§ 8.01-81 to -93. The Bank was permitted to intervene as a party to the partition suit.

The partition suit was referred to a commissioner in chancery who reported, *inter alia*, that the first two liens against Barry's one-half undivided interest, in order of priority, were (1) the child support judgment, and (2) the Bank's deed of trust. The commissioner stated in his report that because the divorce decree that extinguished the tenancy by the entirety granted the support judgment and the deed of trust's effectiveness was dependent upon the entry of the decree, the judgment was of higher priority than the deed of trust.

The Bank filed an exception to the commissioner's report challenging his finding that the support judgment was superior to the deed of trust. The trial court overruled the commissioner's finding and held that the deed of trust had priority over the judgment. Constance appeals.

■ When spouses hold title to property in fee simple as tenants by the entirety, neither spouse can convey any part of the property by his or her sole act. *Vasilion* v. *Vasilion*, 192 Va. 735, 740, 66 S.E.2d 599, 602 (1951). Both spouses may dispose of the property by a joint conveyance. *Id.* Upon the death of either spouse, the entire property remains in the survivor. *Id.* Property held by the entirety is liable for the joint debts of both spouses, but the property is immune from the claims of creditors against either spouse alone. *Id.* An effort on the part of one spouse, acting alone, to create a lien against entirety property creates no lien at all.

Nevertheless, the Bank argues that the entry of the divorce decree, in conjunction with the application of Code § 55-52 (the after-acquired property doctrine), transformed the Bank's interest into a viable lien. Code § 55-52 reads as follows:

When a deed purports to convey property, real or personal, describing it with reasonable certainty, which the grantor does not own at the time of the execution of the deed, but subsequently acquires, such deed shall, *as between the parties thereto*, have the same effect as if the title which the grantor subsequently acquires were vested in him at the time of the execution of such deed and thereby conveyed. Any such deed, which shall have been executed by the consort of the grantor, shall bar the contingent right of dower or

curtesy of such consort of the grantor therein. (Emphasis added.)

Because the divorce decree was entered before the child support judgment was docketed,* the Bank reasons, its lien was prior in time and therefore superior. We do not agree.

■ The Bank's interpretation of Code § 55-52 ignores the language in the statute which clarifies that it applies only "as between the parties thereto." Code § 55-52, a codification of the equitable doctrine of estoppel by deed, operates to prevent the grantor from denying that title has actually passed to the grantee. Thus, as between the parties, the statute permits the passage of title. *See* Minor on Real Property § 1255 (2d ed. 1928). It does not prejudice the rights of third parties.

■ In this case, the Bank's deed of trust with respect to the property was void as to Constance and the children. Therefore, the child support judgment has priority over the Bank's deed of trust.

Because the trial court erred in holding that the deed of trust created a lien superior to that of the support judgment, we will reverse that portion of the decree and remand the cause for further proceedings consistent with this opinion.

*Reversed and remanded.*

---

* A child support judgment does not become a lien on real estate until the judgment is docketed. Code § 8.01-460.