**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

IN RE: LINDA B. WILLIAMS,
Debtor.

LINDA B. WILLIAMS,

No. 95-2969

Plaintiff-Appellant,

v.

GORDON P. PEYTON, Trustee,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA 95-1102-A, BK-95-10073-AM)

Argued: December 4, 1996

Decided: January 21, 1997

Before HALL, MURNAGHAN, and LUTTIG, Circuit Judges.

_____

Affirmed by published opinion. Judge Luttig wrote the opinion, in
which Judge Hall and Judge Murnaghan joined.

_____

**COUNSEL**

**ARGUED:** Joel Steinberg, Fairfax, Virginia, for Appellant. Thomas
Patrick Gorman, TYLER, BARTL, BURKE & ALBERT, Alexandria,
Virginia, for Appellee. **ON BRIEF:** Steven B. Ramsdell, TYLER,
BARTL, BURKE & ALBERT, Alexandria, Virginia, for Appellee.

**OPINION**

LUTTIG, Circuit Judge:

Appellant Linda B. Williams, a debtor in bankruptcy, appeals from the district court's denial of her motion to compel appellee Gordon P. Peyton, the trustee in bankruptcy, to abandon certain real estate. For the reasons that follow, we affirm.

I.

Linda Williams filed a Chapter 7 bankruptcy petition on January 10, 1995, and Gordon Peyton was thereafter appointed bankruptcy trustee. On her schedule of property claimed as exempt (Schedule C), Williams listed a parcel of real estate that she owned as a "tenant by the entirety" with her husband. She claimed that $48,600 of the value of this real estate was exempt from the bankruptcy estate under 11 U.S.C. § 522(b)(2)(B). J.A. at 7.[1] Peyton did not object under 11 U.S.C. § 522(l) and Federal Bankruptcy Rule of Procedure 4003(b) to this claimed exemption.

Williams currently holds unsecured debts both in her individual capacity and jointly with her husband. Specifically, six unsecured creditors hold joint claims ("joint creditors") against Williams and her husband in the amount of $14,445.29, and unsecured creditors hold non-joint claims ("non-joint creditors") against Williams alone in the amount of $19,443.52.

In April 1995, Peyton attempted to take possession of the real estate and sell it, in order to pay off the claims of Williams' joint creditors. In response, Williams filed the present motion to compel Peyton to abandon the property, contending that Peyton had no right to sell the property for the benefit of either the joint or the non-joint creditors. The bankruptcy court granted Williams' motion to compel abandonment, but the district court reversed. Williams appealed.

_____

**1** The real estate, valued at $126,500, J.A. at 7, was subject to two secured debts totalling $77,923.99, J.A. at 29, leaving Williams and her husband with an equity value in the property of $48,576.01. This appears to be the basis for Williams' claimed exemption of $48,600.

2

II.

Williams argues that Peyton forfeited his right to administer the real estate as property of the bankruptcy estate for the benefit of either the joint or the non-joint creditors when he failed to file a timely objection under section 522(l) and Federal Rule of Bankruptcy Procedure 4003(b) to Williams' claimed exemption of her interest in the real estate. We disagree.

Section 522(l) requires a debtor to "file a list of property that the debtor claims as exempt" under section 522(b), and, "[u]nless a party in interest [e.g., a trustee] objects, the property claimed as exempt on such list is exempt." 11 U.S.C. 522(l).[2] Rule 4003(b) requires such trustee or other party in interest to file objections to claimed exemptions within 30 days. F.R.B.P. 4003(b).[3] If the trustee (or other party in interest) fails to object to a claimed exemption within 30 days, then he forfeits his right to so object, and the debtor receives the benefit of the exemption regardless of whether she would otherwise be legally entitled to it. Taylor v. Freeland & Kronz, 112 S. Ct. 1644, 1648 (1992).

Here, although Williams claimed an exemption for her $48,600 interest in the real estate, she exempted that interest only from the claims of her non-joint creditors, and not from the claims of her joint creditors. Williams specifically claimed that the statutory basis for her

_____

**2** Section 522(l) provides that,

> [t]he debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section . . . . Unless a party in interest objects, the property claimed as exempt on such list is exempt.

11 U.S.C. § 522(l).
**3** Rule 4003(b) provides that,

> [t]he trustee or any creditors may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a), or the filing of any amendment to the list or supplemental schedules unless, within such period, further time is granted by the court.

F.R.B.P. 4003(b).

exemption was section 522(b)(2)(B). J.A. at 7. Section 522(b)(2)(B) provides that a debtor may exempt from the bankruptcy estate "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety." 11 U.S.C. § 522(b)(2)(B). However, such exemption may be taken only "to the extent that such interest as a tenant by the entirety . . . is exempt from process under applicable nonbankruptcy law." Id. Virginia law, which is the "applicable nonbankruptcy law" in this case, provides that property held by spouses as tenants by the entirety is exempt from individual (i.e., non-joint) creditors, but is not exempt from the claims of joint creditors. Vasilon v. Vasilon, 66 S.E.2d 599, 602 (Va. 1951); Hausman v. Hausman, 353 S.E.2d 710, 711 (Va. 1987).**4**

Accordingly, since Williams never claimed that her interest in the real estate was exempt from the claims of her joint creditors, Peyton is free to administer the real estate for the benefit of those creditors. See Hyman v. Plotkin, 967 F.2d 1316, 1319 (9th Cir. 1992) ("[T]he trustee had no basis for objecting, and could well have suffered the bankruptcy judge's ire had he objected to the $45,000 exemption to which the [debtors] were clearly entitled."); cf. Mercer v. Monzack, 53 F.3d 1, 3 (1st Cir. 1995) ("Notwithstanding[the debtor's] argument that he intended to exempt the entire settlement fund, Schedule B-4 plainly listed discrete statutory citations supporting the various exemption claims, thereby restricting both the focus of the exemptions claimed and the description of the particular right or interest in

_____

**4** In this respect, Virginia law is identical to that in Maryland. As we observed in Sumy v. Schlosberg, 777 F.2d 921 (4th Cir. 1985), with respect to the analogous Maryland law,

> [t]he proper interpretation of § 522(b)(2)(B) as it applies in Maryland is that "to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law" means "to the extent that there are only individual claims," because entireties property is not exempt from process to satisfy joint claims in Maryland. A debtor does not lose all benefit of § 522(b)(2)(B) when joint creditors are present, but he does not benefit from it to the extent of joint claims.

Id. at 928.

4

property of the estate to which the claims applied."), cert. denied, 116 S. Ct. 1317 (1996).

Williams argues that the Supreme Court's decision in Taylor v. Freeland & Kronz, 112 S. Ct. 1644 (1992), dictates otherwise, but it does not. In Taylor, the Court held that a trustee is required to object within 30 days, under section 522(l) and Rule 4003(b), after a debtor claims an exemption of property from the bankruptcy estate for which she is not legally entitled, and that the trustee forfeits his right to later contest the exemption by failing to object. Id . at 1648. Here, in contrast, by specifically claiming an exemption under section 522(b)(2)(B), Williams merely claimed an exemption to which she was legally entitled -- the exemption of her tenancy by the entirety from the claims of her non-joint creditors. Taylor does not purport to require a trustee to object to a claimed exemption to which the debtor is fully entitled.

The judgment of the district court is affirmed.

AFFIRMED

5