**In re Donna D. FOX, Debtor.**

**Donna D. FOX, Movant,**

v.

**NCNB NATIONAL BANK, Respondent.**

**Bankruptcy No. 90-4-4206-PM.**

United States Bankruptcy Court, D. Maryland.

Aug. 5, 1997.

Gary Rubard, Temple Hills, MD, Debtor's Counsel.

Paul J. Polking, Charlotte, NC, General Counsel, NCNB Corp.

## MEMORANDUM OF DECISION

### (Motion to Avoid Judicial Lien)

PAUL MANNES, Chief Judge.

Before the court is a motion to avoid the judicial lien filed by the debtor on October 10, 1996. This case was reopened on debtor's motion for the purpose of allowing debtor to file the motion.

On December 10, 1990, Donna D. Fox filed a bankruptcy case under Chapter 7. Debtor's Schedule A-3 reflected an obligation to NCNB National Bank in the sum of $6,353.00, said sum being the amount due under a deficiency claim resulting from a sale following repossession of an automobile owned by debtor and her then spouse. Debtor was unaware that before the bankruptcy case was filed that the creditor had obtained a judgment against debtor and her husband that was recorded among the Land Records of Prince George's County, Maryland. The judgment constituted a lien upon the interests of the debtor and her spouse in their residence located in Temple Hills, Prince George's County, Maryland. MD. CTS. & JUD. PROC. CODE ANN. § 11-402 (1973).

Debtor's schedules showed that she owned a one-third interest as a joint tenant in the house located in Temple Hills, Maryland. The house was said to be worth $130,000.00 and was subject to a deed of trust in the amount of $87,000.00. She valued her one-third interest at $14,333.00. Debtor claimed her entire interest in the property as exempt as a tenant by the entirety. Debtor cited the case of *In re Ford*, 3 B.R. 559 (BC Md.1980), *aff'd* 638 F.2d 14 (C.A.4 1981), as the legal

basis supporting the exemption. *Ford* held that the debtor's interest as a tenant by the entirety under Maryland law may be exempted from property of the estate pursuant to 11 U.S.C. § 522(b)(2)(B).

However, debtor misconceives the effect of her claimed exemption. In a case arising under Virginia law, the Fourth Circuit pointed out:

Here, although Williams claimed an exemption for her $48,600 interest in the real estate, she exempted that interest only from the claims of her non-joint creditors, and not from the claims of her joint creditors. Williams specifically claimed that the statutory basis for her exemption was section 522(b)(2)(B). J.A. at 7. Section 522(b)(2)(B) provides that a debtor may exempt from the bankruptcy estate "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety." However, such exemption may be taken only "to the extent that such interest as a tenant by the entirety ... is exempt from process under applicable nonbankruptcy law." *Id.* Virginia law, which is the "applicable nonbankruptcy law" in this case, provides that property held by spouses as tenants by the entirety is exempt from individual (i.e., non-joint) creditors, but is not exempt from the claims of joint creditors. *Vasilion v. Vasilion*, 192 Va. 735, 66 S.E.2d 599, 602 (1951); *Hausman v. Hausman*, 233 Va. 1, 353 S.E.2d 710, 711 (1987).[FN4]

FN4. In this respect, Virginia law is identical to that in Maryland. As we observed in *Sumy v.*

*Schlossberg*, 777 F.2d 921 (4th Cir.1985), with respect to the analogous Maryland law, [t]he proper interpretation of § 522(b)(2)(B) as it applies in Maryland is that "to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law" means "to the extent that there are only individual claims," because entireties property is not exempt from process to satisfy joint claims in Maryland. A debtor does not lose all benefit of § 522(b)(2)(B) when joint creditors are present, but he does not benefit from it to the extent of joint claims. *Id.* at 928.

*In re Williams*, 104 F.3d 688, 689–90 (C.A.4 1997).

■ The debtor's entireties exemption did not protect her interest from the claims of joint creditors. *Chippenham Hospital, Inc. v. Bondurant*, 716 F.2d 1057, 1059 (C.A.4 1983). NCNB's judgment lien never impaired an exemption to which the debtor would have been entitled but for the existence of the lien. The Motion to Avoid Lien will be denied.

■ Debtor's discharge was followed by a divorce. The granting of the absolute divorce terminated debtor's marriage and thereupon severed the entireties tenancy. *Bruce v. Dyer*, 309 Md. 421, 428, 524 A.2d 777, 781 (1987).

An appropriate order will be entered.