# CIRCUIT COURT OF FAIRFAX COUNTY

Randall J. Borden

v.

Sherrie R. Wilson et al.

June 24, 2009

Case No. (Law) CL-2009-2639

BY JUDGE R. TERRENCE NEY

This matter came before the Court on May 8, 2009, upon the Motion of Defendant Sherrie R. Wilson's ("Mrs. Wilson") Demurrer and Plea in Bar to the Complaint of Randall J. Borden. After argument, the Court took the matter under advisement.

*Facts*

This creditor's suit centers around an attorney's lien imposed by Borden against marital real property ("Property"), located in Springfield, Virginia, of Sherrie R. Wilson and Joseph H. Wilson, her former husband. The lien was imposed against the Property by virtue of his representation of Joseph H. Wilson in the Wilsons' divorce action. Borden served notice of his attorney's lien upon both Sherrie and Joseph Wilson on August 11, 2006.

While Mrs. Wilson and her husband were married, they held the Property as tenants by the entirety. Prior to the Final Decree of Divorce, which was entered on September 7, 2006, the Wilsons executed a settlement agreement in which the Property was conveyed from both parties, by general

warranty deed, solely to Sherrie R. Wilson. The deed was recorded on September 14, 2006. Borden filed his lien among the Land Records of Fairfax County on September 12, 2006.

After obtaining sole interest in the Property, Mrs. Wilson refinanced the mortgage on it with mortgage lender CitiFinancial, Inc. (Defendant) and obtained a loan collateralized by the Property. CitiFinancial then filed a Deed of Trust among the Land Records of Fairfax County on October 3, 2006, thereby securing its loan to Mrs. Wilson.

On May 25, 2007, Borden received judgment against Joseph H. Wilson. Subsequently, Borden filed a complaint requesting the Court to enforce his attorney's lien against the Property that now is solely in the possession of Mrs. Wilson. Mrs. Wilson and CitiFinancial responded by filing two separate Demurrers (and one Plea in Bar) contending that the Property was never subject to the creditors of Mr. Wilson because it was held by the Wilsons as tenants by the entirety and, therefore, the attorney's lien never attached.

*Analysis*

Under Virginia law, an attorney's lien occurs when any person has or claims to have a cause of action for annulment and divorce and contracts with an attorney to prosecute that action. Va. Code § 54.1-3932(A). The attorney can have "a lien upon the cause of action as security for his fees for any services rendered in relation to the cause of action or claim." *Id*. The Code goes on to further explain, "in causes of action for annulment or divorce, an attorney may not exercise his claim until the divorce judgment is final and all residual disputes regarding marital property are concluded." *Id*.

Borden argues that the attorney's lien attached to the Wilsons' Property because the entry of the Final Decree of Divorce severed the tenancy by the entirety and converted the Property to a tenancy in common, thereby allowing the lien to attach to the husband's interest in the property. Borden also argues that, even if the Property was still held in tenancy by the entirety, the lien attached by virtue of § 54.1-3932 of the Virginia Code. He asserts that the Code gives an attorney an attachment to both parties' interests in marital property so long as the attorney lienholder gives notice to the opposing party. Because Borden gave Mrs. Wilson notice of the lien against the property, she took with notice of that lien and cannot object to the enforcement of the lien.

The issue of whether the Property held by Sherrie R. Wilson can be subject to the satisfaction of the attorney's lien hinges on whether property held in a tenancy by the entirety can be subject to the satisfaction of an attorney's lien when only one of the spouses is indebted to the creditor.

Section 55-20.2(A) of the Virginia Code describes tenants by the entirety in the following manner:

> Any husband and wife may own real or personal property as tenants by the entireties. Personal property may be owned as tenants by the entireties whether or not the personal property represents the proceeds of the sale of real property. An intent that the part of the one dying should belong to the other shall be manifest from a designation of a husband and wife as "tenants by the entireties" or "tenants by the entirety."

Furthermore, in *Vasilion v. Vasilion*, the Supreme Court of Virginia stated, "at common law when land was conveyed to a man and wife, the seisin of each was an entirety or in one person because from the unity of their person by marriage, they have land entirely as one individual." 192 Va. 735, 739, 66 S.E.2d 599, 601 (1951). The court also noted that, "under the common law the same words of conveyance which would make other grantees joint tenants will make a husband and wife tenants by the entireties." *Id.*

In support of her argument that an attorney's lien cannot attach to property held in tenancy by the entirety, Mrs. Wilson relies upon *Vasilion. Id.* In *Vasilion* the Court held, "property held by the entirety is liable for the *joint* debts of *both* spouses, but the property is immune from the claims of creditors against *either* spouse *alone*." *Id.* at 740, 66 S.E.2d at 602 (emphasis added). Mrs. Wilson also points to *Hausman v. Hausman*, in which the Supreme Court of Virginia stated that one spouse could not create a lien against the entire property held in tenancy by the entirety. 233 Va. 1, 3, 353 S.E.2d 710, 711 (1987). The court said this effort created no lien at all. *Id.* This principle is again reiterated by the Supreme Court of Virginia in *Rogers v. Rogers*: "We have stated, clearly and without equivocation, that real property held as tenants by the entireties is exempt from the claims of creditors who do not have joint judgments against the husband and wife." 257 Va. 323, 326, 512 S.E.2d 821, 822 (1999).

Here, it is clear that the debt to Borden is not that of both Mr. and Mrs. Wilson. The debt arose out of Mr. Wilson's contract with Borden to represent him in his divorce action. Mrs. Wilson did not contract with Borden at any point in time. Based on these facts, the debt cannot attach to the tenancy by the entirety as it does not belong to both spouses.

In support of his argument that the Property converted to a tenancy in common upon the entry of the Final Decree of Divorce and the lien attached at that time, Borden points to the timeline of events. He contends that, because

the Final Decree of Divorce was entered before Mrs. Wilson recorded her general warranty deed (giving her sole title to the Property), the Property was held as a tenancy in common for a brief period of time. The lien therefore attached as soon as this severance occurred as notice of the lien had been given.

This argument fails to take into account that notice of the lien was given when the Property was still held in tenancy by the entirety so the lien could not attach. Notice alone is not sufficient to create an enforceable lien. Additionally, by the time the recording of the lien took place, the Property was already solely owned by Mrs. Wilson, never having converted to a tenancy in common, and therefore cannot be subject to the satisfaction of the attorney's lien.

Borden also relies on § 54.1-3932 of the Virginia Code, arguing that this section give an attorney an attachment to both parties' interests in jointly held property so long as the lienholder gives notice to the opposing party. This argument fails as the statute also states that "the attorney may not exercise his claim until the divorce judgment is final and all residual disputes regarding marital property are concluded." Va. Code § 54.1-3932(A). Here, the dispute over the marital real property located in Springfield, Virginia, was resolved by conveying the Property solely to Mrs. Wilson. This action left Mr. Wilson without any remaining interest in the Property. Borden could not exercise his claim until all disputes were resolved. As a result he could not attach a lien to the Property before it was conveyed to Mrs. Wilson.

The Defendants' Demurrers and Plea in Bar are sustained as the former martial property, being originally held in tenancy by the entirety, was not subject to the satisfaction of the attorney's lien debt of one spouse alone.