PRESENT: Lemons, C.J., Goodwyn, Millette, Mims, Powell, and Kelsey, JJ., and Lacy, S.J.

FLOYD HOWARD, INDIVIDUALLY AND AS
EXECUTOR OF THE ESTATE OF BERTHA
HOWARD, DECEASED

OPINION BY
v. Record No. 140670                JUSTICE CLEO E. POWELL
                                    April 16, 2015
LESLIE BALL

FROM THE CIRCUIT COURT OF BUCHANAN COUNTY
Patrick R. Johnson, Judge

Floyd Howard ("Floyd"), individually and as the executor of the estate of Bertha Howard ("Mrs. Howard"), appeals the judgment of the trial court awarding ownership of certain real property to Leslie Ball ("Ball"). Specifically, Floyd takes issue with the trial court's decision to allow Ball to raise the affirmative defense of adverse possession at trial without having previously pled this defense. Floyd also claims that Ball failed to introduce sufficient evidence to support an adverse possession claim.

I. BACKGROUND

Floyd and Ball own adjacent parcels of land in Buchanan County, Virginia. The property at issue in the present case was held by a common owner until it was partitioned in 1905. Ball's predecessors in interest acquired a fee simple interest in a portion of the property by deed dated December 23, 1905. Mrs. Howard acquired a fee simple interest in an adjacent portion of the property by two deeds dated June 1, 1956 and April 16, 1971.

The location of the boundary line between the respective parcels is the subject of the present case.

In 1957, a survey was completed for Ball's predecessor in interest. A fence was built along the property line established in the 1957 survey. In 1996, a second survey was completed for Mrs. Howard. The 1996 survey showed the property line consistent with the location of the fence. Another survey was completed in 2009, also for Mrs. Howard. The 2009 survey showed the property line south of the old fence, inside the parcel of land claimed by Ball.

On October 15, 2009, Mrs. Howard filed an action pursuant to Code § 8.01-179 seeking to establish the boundary lines of the property. Specifically, Mrs. Howard sought "judgment against [Ball] establishing the boundary line between the land of [Mrs. Howard] and [Ball] as shown in accordance with the [1996 survey]." On December 9, 2009, Ball filed his pro se response to Mrs. Howard's complaint. In his answer, Ball disputed Mrs. Howard's claim, relying on the description contained in the 1905 deed to his predecessor in interest and the 1957 survey.

At trial, testimony was heard from the land surveyors who conducted the 1996 and 2009 surveys. Additionally, over Mrs. Howard's objection, Ball put on evidence demonstrating that he and his predecessors in interest had adversely possessed the

2

disputed property since the fence was built in 1957 along the boundary established by the 1957 survey. Ball presented evidence indicating that the disputed property had been used by both him and his predecessors in interest for timber, tobacco and cattle. Additionally, Mrs. Howard testified that, although she never accepted the fence as the true boundary line between the properties, she also never had possession of the land on Ball's side of the fence.

On February 13, 2013, the trial court issued a letter opinion holding that the boundary line submitted by Mrs. Howard is the true boundary line between the two properties. The trial court went on to explain that the outcome would have been different if Ball could have relied on his defense of adverse possession. However, the trial court determined that Ball "did not have this defense available to him because it had not been raised or asserted in his original pleadings."[1] Ball filed a motion to reconsider arguing that, under this Court's precedent in Bradshaw v. Booth, 129 Va. 19, 105 S.E. 555 (1921), he was not required to raise the defense of adverse possession in an action to establish boundary lines. After hearing argument on the matter, the trial court issued a second letter opinion and

---

[1] Indeed, there is nothing in the record indicating that Ball ever filed a motion seeking to amend his responsive pleadings to include adverse possession as an affirmative defense.

reversed its original ruling. In its final order, the trial court ruled that the boundary line submitted by Ball is the true boundary line between the properties and ordered the recordation of a plat based on the 1957 survey "to establish the division line" between the properties.

Floyd[2] appeals.

## II. ANALYSIS

On appeal to this Court, Floyd argues that the trial court erred by allowing Ball to raise the affirmative defense of adverse possession at trial without having previously pled this defense. In response, Ball argues that our jurisprudence does not require him to plead adverse possession as an affirmative defense to a boundary dispute. Ball relies on our holding in Bradshaw where we stated that a defendant who raises a general defense to an ejectment action does not need to raise adverse possession as an affirmative defense. 129 Va. at 34, 105 S.E. at 560. In making this argument, Ball points out that this Court has previously recognized that actions to establish boundary lines and ejectment actions "are governed by the same legal principles." Bulifant v. Slosjarik, 221 Va. 983, 986, 277 S.E.2d 151, 152 (1981).

---

[2] During the pendency of the appeal, Mrs. Howard passed away. By order dated February 9, 2015, Floyd, individually and in his capacity as executor of Mrs. Howard's estate, was substituted as the appellant in this case.

Ball's argument must necessarily fail, however, because we have since abolished the use of such general defenses. See Rule 3:8(a) ("A general denial of the entire complaint or plea of the general issue shall not be permitted"). Indeed, this Court has repeatedly admonished that, just as a plaintiff must give a defendant notice of its specific claims, a defendant must give a plaintiff notice of its specific defenses.

> It has long been required that a party raise specific defenses (just as a plaintiff must give notice of claims) so that surprise and prejudice at trial from late revelation of unanticipated legal theories is avoided. This has generally led to a requirement that affirmative defenses must be pled in order to be relied upon at trial.

Monahan v. Obici Med. Mgmt. Servs., 271 Va. 621, 632, 628 S.E.2d 330, 336 (2006) (citations omitted). Therefore, to the extent Bradshaw can be interpreted to allow a party to rely on adverse possession as an affirmative defense without expressly pleading it in an ejectment action or an action to establish boundary lines, it is overruled.

That said, however, this Court has recognized certain exceptions to the general requirement that a party must plead affirmative defenses. These exceptions include situations "where the issue addressed by an affirmative defense was not disclosed in a plaintiff's pleading, and only became apparent as the evidence was being received at trial;" where the affirmative

5

defense is "addressed by statute," either expressly requiring that a particular defense be pled or obviating the need to do so; or where the affirmative defense does not constitute "an absolute bar to the plaintiff's claim." Monahan, 271 Va. at 632-33, 628 S.E.2d at 336-37.

Here, Ball failed to plead the affirmative defense of adverse possession. In his singular responsive pleading, Ball did not mention or indicate that he intended to rely on adverse possession to dispute Floyd's claim; rather, he disagreed with the location of the property boundary based on his interpretation of a conflicting deed. Further, none of the recognized exceptions apply to the present case. There was no evidence received at trial that raised an issue not addressed by Floyd's complaint, nor is there a statute that addresses adverse possession as a defense to a suit to establish boundary lines. Further, proving that he adversely possessed the property would establish that Ball owned the disputed property and render the present action moot, thereby constituting an absolute bar to Floyd's claim.[3] Accordingly, the trial court erred in allowing

---

[3] The trial court's final order awarding de facto ownership of the disputed property to Ball was particularly problematic in the present case, because the trial court was never asked to decide ownership of the disputed property. This Court has repeatedly admonished that "a court is not permitted to enter a decree or judgment order based on facts not alleged or on a right not pleaded and claimed." Jenkins v. Bay House Assocs., L.P., 266 Va. 39, 43, 581 S.E.2d 510, 512 (2003). Indeed, in an

6

Ball to rely on the affirmative defense of adverse possession without having first raised the defense in a responsive pleading.[4]

### III. CONCLUSION

For the foregoing reasons, we will reverse the judgment of the trial court and we will remand the matter for further proceedings.

<u>Reversed and remanded.</u>

---

action to establish boundary lines, this Court has previously stated that a trial court can decide the issue of title and ownership of a property only when the matter is expressly "brought into dispute by the pleadings." <u>Brunswick Land Corp. v. Perkinson</u>, 146 Va. 695, 704, 132 S.E. 853, 855 (1926). Here, neither party expressly brought title or ownership of the property into dispute by the pleadings. Accordingly, the trial court was not permitted to award such relief to either party.

[4] Having determined that the trial court erred in allowing Ball to rely on the affirmative defense of adverse possession without raising the issue in a pleading, we need not consider the issue of whether the evidence was sufficient to support Ball's claim of adverse possession.