PRESENT: All the Justices

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR SOUNDVIEW
HOME LOAN TRUST 2006-WF2, ETC.,
ET AL.
                                          OPINION BY
v.  Record No. 140978             JUSTICE WILLIAM C. MIMS
                                        June 4, 2015
LYNORE ARRINGTON


             FROM THE CIRCUIT COURT OF BEDFORD COUNTY
                     James W. Updike, Jr., Judge

     In this appeal, we consider whether Code § 55-52, which

codifies the doctrine of after-acquired title, retroactively

cures a title defect in a deed of trust to subject the interest

of a subsequent purchaser without notice or a lien creditor to

the deed of trust.  We also consider whether a party who

acquires a deed of trust pursuant to a court order is a lien

creditor, and whether a prior deed of trust recorded outside a

party's chain of title is "duly admitted to record" for purposes

of Code § 55-96(A).

            I.  BACKGROUND AND MATERIAL PROCEEDINGS

     Lynore Arrington ("Arrington") was married to William

Plucky ("Plucky") from 1992 to 2004.  While married, they

acquired property located at 113 Waters Edge in Moneta (the

"Property") as tenants with the right of survivorship by general

warranty deed.  On November 17, 2004, the Circuit Court of

Franklin County entered a final decree of divorce dissolving the

marriage.  The decree affirmed and incorporated a separation and

property settlement agreement under which Plucky acquired the Property and agreed to pay Arrington $11,000 per year for a period of ten years beginning in January 2006. Arrington conveyed her interest in the Property to Plucky by deed of gift executed on July 15, 2004 and recorded on July 29, 2004.

On July 7, 2005, Plucky conveyed the Property to Donald L. Riemenschneider ("Riemenschneider") by general warranty deed, which was recorded on July 12, 2005. Then on August 22, 2006, Plucky executed a deed of trust ("Deutsche Bank Deed of Trust") purporting to convey the Property in trust to secure a note for $675,000, currently held by appellant Deutsche Bank National Trust Company.[1] The Deutsche Bank Deed of Trust was not recorded until May 21, 2008.[2]

---

[1] Also on August 22, 2006, Riemenschneider executed a quitclaim deed re-conveying the Property to Plucky. This deed was never recorded, and it appears that the original has been lost. Below, Arrington refused to admit to its validity, and Deutsche Bank relied on the doctrine of after-acquired title to cure its deed of trust. During oral argument, Deutsche Bank repeatedly stated that Code § 55-52 was necessary to cure its deed of trust, conceding the fact that the quitclaim deed failed to pass title to Plucky. See Capozzella v. Capozzella, 213 Va. 820, 823, 196 S.E.2d 67, 70 (1973) (noting that while recordation is not necessary to pass title, "[f]or a deed to pass title, there must be delivery"); see also Bulifant v. Slosjarik, 221 Va. 983, 986, 277 S.E.2d 151, 152 (1981) (noting that delivery may be inferred from the circumstances of a transaction).

[2] Appellants, Samuel I. White, P.C. and Wells Fargo Home Mortgage are the substitute trustee appointed by Deutsche Bank National Trust Company and attorney-in-fact for Deutsche Bank National Trust Company respectively. This opinion refers to appellants collectively as "Deutsche Bank."

2

On March 19, 2009, Plucky executed a deed of trust in favor of Arrington ("Arrington Deed of Trust") to purge a contempt order entered by the Circuit Court of Franklin County. The contempt order was entered following Plucky's "failure to pay the debts as set forth in the divorce decree," as well as additional debts set forth in an order entered December 4, 2008. The circuit court ordered Plucky to execute the Arrington Deed of Trust and pay $2000 per month to Arrington's attorney "until the sums referred to in the prior Orders and the deed of trust are paid in full." The Arrington Deed of Trust states that it secures "the payment of certain Court ordered obligations set forth in Orders entered by the Circuit Court of Franklin County on November 17, 2004, December 4, 2008, and March 19, 2009."

On July 6, 2009, Riemenschneider executed a general warranty deed re-conveying the Property to Plucky. This deed was recorded on July 17, 2009 at 1:10 p.m. At 1:11 p.m. on July 17, 2009, Arrington recorded her deed of trust along with copies of the final decree of divorce, the December 4, 2008 order, and the March 19, 2009 order.

On February 15, 2013, Deutsche Bank filed a complaint in the Circuit Court of Bedford County against Arrington and other defendants seeking a declaratory judgment that the Deutsche Bank

Deed of Trust is a valid first priority lien on the Property.[3]
In response, Arrington filed an answer requesting a declaration
that the Arrington Deed of Trust is a valid first priority lien
on the Property. After conducting discovery, Deutsche Bank and
Arrington filed cross-motions for summary judgment.

On October 25, 2013, the parties came before the circuit
court for a hearing on the motions for summary judgment. After
hearing argument, the circuit court denied Deutsche Bank's
motion for summary judgment, granted Arrington's motion for
summary judgment, and ruled that the Arrington Deed of Trust had
priority over the Deutsche Bank Deed of Trust. The circuit
court reasoned that when Arrington recorded her deed of trust,
Plucky was the record owner of the Property, whereas when
Deutsche Bank recorded its deed of trust, Riemenschneider was
the record owner of the Property. The circuit court also ruled

_____

[3] The complaint also named Arrington's attorneys in their
capacity as trustees on the Arrington Deed of Trust, Plucky, and
High Point Section 8 Property Owners' Association as defendants.
Previously, in 2010, Deutsche Bank had filed a complaint against
Plucky, Riemenschneider, and other defendants seeking a
declaratory judgment that the Deutsche Bank Deed of Trust was a
valid first priority lien on the Property, or in the
alternative, an order directing Riemenschneider to execute and
deliver a new quitclaim deed conveying title to Plucky. This
complaint did not name Arrington as a defendant. After the
defendants failed to appear, the circuit court entered an order
granting default judgment, confirming that the Deutsche Bank
Deed of Trust was a valid lien on the Property, and continuing
the matter to determine its priority. Thereafter, the matter
was dismissed for failure to prosecute pursuant to Code § 8.01-
335.

4

that Code § 55-52 could not elevate the Deutsche Bank Deed of Trust in priority over the Arrington Deed of Trust.

On March 21, 2014, the circuit court entered a final order memorializing its rulings.  Deutsche Bank filed its objections and a motion to reconsider, which the court denied after a hearing.  Deutsche Bank appeals.

## II.  ANALYSIS

### A. Standard of Review

"In an appeal from a circuit court's decision to grant or deny summary judgment this Court reviews the application of law to undisputed facts de novo."  St. Joe Co. v. Norfolk Redevelopment & Hous. Auth., 283 Va. 403, 407, 722 S.E.2d 622, 625 (2012).  Further, this Court reviews questions of statutory interpretation de novo.  Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007).

### B. The Application of Code § 55-52

Deutsche Bank argues that Code § 55-52 — when read with Code § 55-10[4] — renders it irrelevant whether Plucky had title in 2006 when he executed the Deutsche Bank Deed of Trust.  Deutsche Bank also appears to argue that Code § 55-52 renders it irrelevant whether Arrington is a bona fide purchaser or lien

---

[4] "A writing which purports to pass or assure a greater right or interest in real estate than the person making it may lawfully pass or assure shall operate as an alienation of such right or interest in such real estate as such person might lawfully convey or assure . . . ."  Code § 55-10.

5

creditor under Code § 55-96(A).  In Deutsche Bank's view, when

Riemenschneider conveyed the Property to Plucky by general

warranty deed on July 6, 2009, Code § 55-52 cured the title

defect in its deed of trust retroactive to August 22, 2006.

With respect to the Arrington Deed of Trust, Deutsche Bank

contends that Plucky could convey only what he held, and

therefore, the conveyance between Plucky and Arrington was

subject to the Deutsche Bank Deed of Trust.  We disagree.

Code § 55-52 provides:

> When a deed purports to convey property,
> real or personal, describing it with
> reasonable certainty, which the grantor does
> not own at the time of the execution of the
> deed, but subsequently acquires, such deed
> shall, as between the parties thereto, have
> the same effect as if the title which the
> grantor subsequently acquires were vested in
> him at the time of the execution of such
> deed and thereby conveyed.

Significantly, Deutsche Bank's reading ignores the clause "as

between the parties thereto," which limits the effect of the

statute to the grantor and grantee, in this instance Plucky and

Deutsche Bank.  Read in its entirety, Code § 55-52 provides that

when a grantor purports to convey property — without holding

title — to a grantee, the grantor cannot thereafter deny that

title has actually passed to the grantee.  See Hausman v.

Hausman, 233 Va. 1, 4, 353 S.E.2d 710, 711 (1987).  Code § 55-52

governs the rights of a grantee vis-à-vis the grantor.  It does

not purport to affect the deeds of third parties, in this

6

instance Arrington, or influence the relative priority of their interests.

Although Code § 55-52 does not use the term "deed of trust," we have previously intimated that its provisions could estop the grantor under a deed of trust from denying that title had actually passed to the trustee as security for a loan. See Hausman, 233 Va. at 4, 353 S.E.2d at 711. We now hold that the plain meaning of "deed" in this context includes deeds of trust. See Black's Law Dictionary 501 (10th ed. 2014) (defining "deed" as "[a] written instrument by which land is conveyed [or] any written instrument that is signed, sealed, and delivered and that conveys some interest in property"); id. at 502 (defining "deed of trust" as "[a] deed conveying title to real property to a trustee as security until the grantor repays a loan").

Code § 55-52 is located in Chapter 4, Article 1 of Title 55, Form and Effect of Deeds and Leases, which generally governs such instruments conveying interests in real property. Four subsequent articles relate to specific categories of such instruments and terms used therein. Article 2 provides specific rules relating to deeds of trust. Nothing in Chapter 4 of Title 55 indicates that the General Assembly intended to restrict the meaning of the word "deed" in the initial general article of the chapter to exclude deeds of trust. See Commonwealth v. Zamani, 256 Va. 391, 395, S.E.2d 608, 609 (1998) ("The plain, obvious,

7

and rational meaning of a statute is to be preferred over any curious, narrow, or strained construction.").

Moreover, to conclude that the term "deed" as used in Chapter 4 of Title 55 does not include deeds of trust would undermine creditors' protections that are implicit throughout the chapter. For example, if Code § 55-52 did not apply to deeds of trust, a creditor could not avail itself of the after-acquired title doctrine to validate a security interest conveyed by a deed of trust before the grantor acquired valid title. In such cases, the creditor would remain unsecured.

### C. The Priority of the Deeds of Trust

The Virginia recording act, Code § 55-96, governs issues of priority. The statute provides:

> Every (i) such contract in writing, (ii) deed conveying any such estate or term, (iii) deed of gift, or deed of trust, or mortgage conveying real estate . . . shall be void as to all purchasers for valuable consideration without notice not parties thereto and lien creditors, until and except from the time it is duly admitted to record in the county or city wherein the property embraced in such contract, deed, or bill of sale may be.

Accordingly, the Deutsche Bank Deed of Trust does not impair Arrington's priority if she is either (1) a purchaser for valuable consideration without notice or (2) a lien creditor, and the Deutsche Bank Deed of Trust was not "duly admitted to record" before she qualified as either. If she is a lien

8

creditor and the Deutsche Bank Deed of Trust has not been "duly admitted to record," then it is irrelevant whether she had notice of Deutsche Bank's interest.  See Neff v. Newman, 150 Va. 203, 211, 142 S.E. 389, 391 (1928) (discussing statutory predecessors to Code § 55-96); see also Cavalier Serv. Corp. v. Wise, 645 F. Supp. 31, 36 (E.D. Va. 1986).

Deutsche Bank argues that Arrington is not a lien creditor because her deed of trust was executed to purge a contempt order, which it contends is not a judgment.  Further, Deutsche Bank contends that that even if Arrington did obtain a judgment, she did not record the judgment on the judgment lien docket of Bedford County.[5]  We disagree.

First, "the essence of a mortgage or deed of trust is that it creates a lien on property to secure a debt."  Interstate R.R. Co. v. Roberts, 127 Va. 688, 692, 105 S.E. 463, 464 (1920); see High Knob Assocs. v. Douglas, 249 Va. 478, 484 n.4, 457 S.E.2d 349, 352 n.4 (1995) ("A deed of trust merely creates a lien on property to secure a debt.").  Although the Code does

---

[5] In its first assignment of error, Deutsche Bank argues that the circuit court failed to determine whether Arrington was "a purchaser for valuable consideration without notice" or a "lien creditor."  Although the final order entered by the circuit court did not use those terms, it did recite that Arrington had "establish[ed] a lien" against the Property. Regardless, the circuit court's failure to explicitly rule on the question is not dispositive.  As explained below, Arrington is a lien creditor for purposes of Code § 55-96(A), and the Deutsche Bank Deed of Trust is void against her as a lien creditor.

not define "lien creditor" for purposes of Code § 55-96(A), the term is not ambiguous.  See Black's Law Dictionary, supra, at 450 (defining "lien creditor" as "[a] creditor whose claim is secured by a lien on the debtor's property; specif., someone who is (1) a creditor that has acquired a lien by attachment, levy, or the like . . . .").  To rule that Arrington is not a lien creditor would require us to ignore the fundamental nature of a deed of trust and the plain meaning of "lien creditor."

Moreover, Arrington is a lien creditor because she obtained a judgment and subsequently obtained a lien against the Property to secure the benefit of her judgment.  Code § 8.01-426 provides that "a decree or order requiring the payment of money, shall have the effect of a judgment . . . and be embraced by the word 'judgment' where used in this chapter or in Chapters 18, 19, or 20 of this title or in Title 43."  The November 17, 2004 final decree of divorce, which ratified and incorporated the separation and property settlement agreement, and the December 4, 2008 order, which ordered Plucky to make certain payments for the benefit of Arrington, fit this statutory definition of "judgment."  Therefore, Arrington is a judgment creditor.  See Code § 8.01-427 ("The persons entitled to the benefit of any decree or order requiring the payment of money shall be deemed judgment creditors.").

10

Ordinarily a judgment does not become a lien on real estate until "such judgment is recorded on the judgment lien docket of the clerk's office of the county or city where such land is situated." Code § 8.01-458; see Matney v. Combs, 171 Va. 244, 250, 198 S.E. 469, 472 (1938). However, in the present case, the circuit court awarded Arrington a deed of trust to secure the previous judgments, and Arrington recorded her deed of trust in the land records of Bedford County, thereby obviating the need to record the judgments on the judgment lien docket.

As explained above, her deed of trust is a lien on the Property. See Interstate R.R. Co., 127 Va. at 692, 105 S.E. at 464. When Riemenschneider conveyed the Property to Plucky by general warranty deed on July 6, 2009, Code § 55-52 provided that the Arrington Deed of Trust had the "same effect" as though Plucky held legal title at the time he executed the Arrington Deed of Trust on March 19, 2009. At that moment, Arrington became a lien creditor.

The remaining question is whether the Deutsche Bank Deed of Trust was "duly admitted to record" before Arrington qualified as a lien creditor. The word "duly" means "[i]n a proper manner; in accordance with legal requirements." Black's Law Dictionary, supra, at 610; see also Webster's Third New International Dictionary 700 (1993) (defining "duly" as "in a due manner, time, or degree: as is right and fitting: properly,

11

regularly, sufficiently").  The Deutsche Bank Deed of Trust was recorded before Plucky acquired legal title of record; therefore, it is outside Arrington's chain of title.  See Code § 55-105.  Because the Deutsche Bank Deed of Trust was not properly recorded in the chain of title, it was not "duly admitted to record" even though it was recorded before Arrington acquired her interest.  Finally, because Arrington is a lien creditor, whether she had actual or constructive notice of the Deutsche Bank Deed of Trust is irrelevant.  See Code § 55-96(A)(1).  Therefore, Arrington qualifies as a lien creditor under Code § 55-96(A)(1), and as a result, the Arrington Deed of Trust has priority over the Deutsche Bank Deed of Trust.[6]

### III.  CONCLUSION

For the reasons stated, we hold that Code § 55-52 only applies between the parties to a deed and does not affect the rights of third parties or influence the relative priority of their interests.  Rather, Code § 55-96(A) governs questions of priority between deeds.  We also hold that an individual who obtains a deed of trust pursuant to court order to secure the payment of court-ordered obligations is a lien creditor for purposes of Code § 55-96(A).  Finally, we conclude that a deed of trust recorded outside a lien creditor's chain of title is

_____

[6] Because we conclude that Arrington is a lien creditor, we do not address Deutsche Bank's final assignment of error, which asserts that the circuit court misapplied Code § 55-105.  By its plain language, Code § 55-105 applies only to purchasers.

not "duly admitted to record," and therefore is void as to such lien creditor. Therefore, we affirm the judgment of the circuit court.

Affirmed.
